[No. 10431.   Department Two.   April 28, 1913.]

M. J. LYNCH *et al.*, *Appellants*, v. LOWER YAKIMA IRRIGATION
COMPANY, *Respondent.*[1]

WATERS AND WATER COURSES—PUBLIC LANDS—IRRIGATION DITCHES
—APPROPRIATION—PRIORITIES.   Under U. S. Comp. Stat. § 2339, recog-
nizing the right to construct irrigation ditches over the public do-
main, and conferring vested rights therein, and § 2340, providing
that patents granted shall be subject to vested and accrued rights in
the ditches, the right to appropriate a right of way for a ditch is
acquired, where the ditch was under construction but not completed
at the time a lieu land selection was made, the owner of the ditch
having a reasonable time thereafter to complete it, although he did
not file any map of location; since 26 Stat. at L. p. 1102, § 19, pro-
viding for the appropriation of rights of way for irrigation ditches
by the filing and approval of a map of location of the ditch and
reservoir, has no application to such a case.

Appeal from a judgment of the superior court for Benton
county, Kauffman, J., entered October 21, 1911, in favor of
the defendant, notwithstanding the verdict of a jury ren-
dered in favor of the plaintiffs, in an action for damages.
Affirmed.

*C. C. Gose*, for appellants.

*Henry J. Snively* and *Andrew Brown*, for respondent.

MAIN, J.—This is an action to recover damages on account
of the taking of certain land as a right of way for an irriga-
tion ditch.

On December 30, 1909, the Northern Pacific Railway Com-
pany filed with the register of the United States land office
at Walla Walla its lieu land selection for the southeast quar-
ter of section 4, township 10, north, range 28, east W. M.
And on February 23, 1910, proof by publication and posting
of notice as required by law was filed.   The plaintiffs at the
time this action was begun were the owners of the land over
which the ditch passed.   Their title was initiated by the filing

[1]Reported in 131 Pac. 829.

of the Northern Pacific Railway Company, to which reference has been made. The cause was tried to the court and a jury. The trial court submitted to the jury two special interrogatories. These, with the jury's answers thereto, are as follows:

"Was the irrigation ditch in question in process of construction across the lands described on the 30th day of December, 1909? Answer: Yes. Was the ditch in question fully constructed and completed across said tract of land on the 30th day of December, 1909? Answer: No."

These interrogatories and their answers show that on December 30, 1909, the date of the filing, the irrigation ditch was in process of construction but not completed.

A general verdict in favor of the plaintiffs was returned in the sum of five hundred dollars. Motion by the defendant for a judgment notwithstanding the verdict being made and granted, the plaintiffs appeal.

The sole question is whether the defendant acquired the right to appropriate the strip of land over which its ditch was being constructed by reason of the fact that it had the ditch in process of construction over public land when the same was filed upon.

It is claimed by the appellants that, inasmuch as the ditch was not completed at the time of the filing upon the land by the Northern Pacific Railway Company, and the respondent had not filed with the register of the land office for the district a map of its canal or ditch, that respondent acquired no rights by appropriation to complete the ditch without answering in damages for the land taken. In support of this contention, reliance is placed upon § 19 of an act of Congress approved March 3, 1891 (26 Stat. at Large, p. 1102), which provides:

"That any canal or ditch company desiring to secure the benefits of this act shall, within twelve months after the location of ten miles of its canal, if the same be upon surveyed lands, and if upon unsurveyed lands, within twelve months after the survey thereof by the United States, file with the regis-

ter of the land office for the district where such land is located a map of its canal or ditch and reservoir; and upon the approval thereof by the secretary of the interior the same shall be noted upon the plats in said office, and thereafter all such lands over which such rights of way shall pass shall be disposed of subject to such right of way. Whenever any person or corporation, in the construction of any canal, ditch or reservoir, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage."

But an examination of this section and the act of which it forms a part demonstrates that the rights there provided for are those which are acquired by the filing of a map of the ditch. This statute does not deal with those rights that are acquired by the taking of possession and the performance of the work of construction or a part of it. Consequently, to determine the rights of the parties here, it is necessary to look to other statutory provisions.

Section 2339, U. S. Compiled Statutes, 1901, Vol. 2, provides:

"Whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed; but whenever any person, in the construction of any ditch or canal, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage."

Section 2340: "All patents granted, or pre-emption or homesteads allowed, shall be subject to any vested and accrued water-rights, or rights to ditches and reservoirs used in connection with such water-rights, as may have been acquired under or recognized by the preceding section."

It is the construction to be placed on these two sections which will determine the rights of the parties upon this appeal. Section 2339 recognizes the right to construct ditches over the public domain through which are to be conveyed water for agricultural and other purposes, while § 2340 makes patents granted by the government subject to the right to ditches used in connection with water rights.

The undisputed facts are that the ditch in question was under construction at the time of the lieu land filing. To what extent the construction had been carried is not disclosed by the record. But the ditch being under construction, it must necessarily follow that the respondent was in possession. The right of the respondent to construct the ditch across the land, which was a part of the public domain, was initiated when possession was taken for the purpose of constructing the ditch. Thereafter it would have a reasonable time in which to complete the work of construction. The appellants' right dates from the filing of the map of location by the railroad company. The respondent's title, being prior in time to that of appellants', is superior in right.

In *Bear Lake & River Waterworks & Irr. Co. v. Garland,* 164 U. S. 1, 18, it is said:

"Undoubtedly rights as against third persons are acquired by priority of possession, and the government will and does recognize such rights as between those parties. This is the principle running through the cases cited by the counsel for appellants. In *Sullivan v. Northern Spy Mining Co.,* 11 Utah 438, which is one of those cases, the priority of possession of the person who entered upon the public land and dug the well was recognized as thereby making a superior title to the use of the water from the well over that acquired by a person who was the subsequent purchaser of the land from the government. In that case the well had been dug and the condition fulfilled. If no well had ever been dug, and a reasonable time for digging it had passed, the mere priority of possession would have given no superior title to the land over that acquired by the grantee from the government. It is the doing of the work, the completion of the well, or the digging

of the ditch, within a reasonable time from the taking of possession, that gives the right to use the water in the well or the right of way for the ditches of the canal upon or through the public land."

The judgment will therefore be affirmed.

MOUNT, FULLERTON, ELLIS, and MORRIS, JJ., concur.