[No. 224-3.    Division Three.    January 21, 1972.]

THE STATE OF WASHINGTON, *on the Relation of John C. Beam, Appellant,* v. F. SYLVIN FULWILER *et al., Respondents.*

*Joseph J. Rekofke* (of *Cashatt, Williams, Connelly & Rekofke*), for appellant.

*Norman De Pender*, for respondents.

GREEN, J.—On November 24, 1967, the city manager for Spokane notified plaintiff, John C. Beam, by letter that he was relieved from his duties as chief examiner and secretary to the Civil Service Commission. The letter stated the discharge was for cause, namely, incompetency and inefficiency in the performance of the duties and responsibilities of the position of chief examiner and, further, for willful carelessness or negligence in the maintenance and use of city property. Attached to and made a part of this letter was a letter dated November 15, 1967 from the commission to the city manager recommending the discharge and detailing numerous reasons in support of its recommendation. The city manager's letter stated he found the reasons set forth in the commission's letter sufficient to support the discharge.

Thereafter, plaintiff notified the commission he intended to appeal the discharge and requested the commission to disqualify itself and allow the appeal to be heard by the superior court. When this request was denied, plaintiff applied to the superior court for a writ of mandamus restraining the commission from hearing the appeal and for a writ of certiorari to review and set aside the discharge and restore plaintiff to his former position. The superior court granted the writs and restrained the commission from hearing the appeal. This action was affirmed in *State ex rel. Beam v. Fulwiler*, 76 Wn.2d 313, 456 P.2d 322 (1969).[1] Following this decision, the trial court held a de novo hearing during the course of which extensive evidence was

---

[1]See also *State ex rel. Beam v. Civil Serv. Comm'n*, 77 Wn.2d 951, 468 P.2d 998 (1970), involving a different issue.

presented by the city and plaintiff in support of and opposition to the discharge. The entire record exceeds 1,000 pages and consumed approximately 10 days of trial. Thereafter, the trial judge entered findings of fact, conclusions of law and judgment sustaining the plaintiff's discharge. From this determination, plaintiff appeals.

First, error is assigned to the admission of testimony tending to show that plaintiff failed to maintain current eligibility lists from which department heads could fill staff vacancies. Plaintiff contends the ground was not stated in the list of reasons set forth in the commission's letter of discharge dated November 24, 1967 as required by the city charter and the rules of the Civil Service Commission and therefore the testimony was not admissible. In overruling plaintiff's objection, the trial judge said the evidence was admitted as background and would fit the specifications in general.

The city manager's letter stated plaintiff was discharged for incompetency and inefficiency in the performance of the duties and responsibilities of the position of chief examiner. The testimony clearly shows the maintenance of current eligibility lists was one of the responsibilities of the Civil Service Department. The chief examiner was responsible for the administration and direction of that department. Under the job specification for the position of chief examiner is the provision that he "directs a broad recruitment and examining program." The testimony shows that recruitment and examination is for the purpose of filling vacancies in the various departments of city government and the maintenance of eligibility lists on a current basis to fill such vacancies is one of the functions of the chief examiner. The commission's letter to the city manager states:

In the last few years he has confined his work to starting some examinations, and signing routine changes of status after such have been prepared by someone else. *He approves eligible lists* and the scores of applicants after the technicians have checked or scored them and the remainder of this work is the conducting of conferences at which he avoids completely making decisions.

(Italics ours.) and, further states:

> The only departments of the city government in whom Mr. Beam shows any responsibility at all are the Police and Fire Departments and for them at odd times he shows some activity. *With reference to all other departments the evidence is no interest or responsibility.*

(Italics ours). The failure to keep current eligibility lists is some evidence of plaintiff's alleged lack of interest or responsibility to departments other than police and fire. We believe the matter of current eligibility lists was within the general statement of the reasons for discharge and evidence relating thereto was properly admitted. Even if we were to concede plaintiff's contention, the record does not show the trial judge placed any great importance on the failure to maintain such current lists.

██ Second, assignments of error No. 2 through No. 16 are directed to the court's admission of certain claimed hearsay statements, opinions and conclusions by witnesses, self-serving statements and responses to leading questions. In considering these assignments of error, we must keep in mind this was a nonjury case. In *State v. Bell*, 59 Wn.2d 338, 368 P.2d 177 (1962), our Supreme Court was presented with 27 errors assigned upon essentially the same grounds as the instant case. The court, noting that the trial was to a court sitting without a jury, said at page 365:

> Not only do we encourage liberal admission of evidence in nonjury trials, but that policy is furthered by the presumption on appeal (which has been mentioned several times already) that:
> " . . . Since there is no affirmative evidence to the contrary, we must presume that the trial judge, knowing the rules of evidence, did not consider matters which were inadmissible when making his findings. [Citing cases.]" *Davis v. Sill*, 55 Wn. (2d) 477, 480, 348 P. (2d) 215 [1962].
> See, also, *State v. Ryan*, 48 Wn. (2d) 304, 308, 293 P. (2d) 399 (1956):
> "Where a case is heard by a judge without a jury, a new trial should not be granted for error in the admission of evidence, if there remains substantial admissible

evidence to support the findings, unless it appears that the findings are based on the evidence which should have been excluded. . . ."

. . .

In the present case there is no indication that any of the evidence was used for an improper purpose. We hold that there was no reversible error in the admission of evidence.

We have carefully reviewed the full record in the instant case and find there is substantial admissible evidence to support the findings of the trial judge. Further, there is no indication any of the evidence was used for an improper purpose nor that the findings were based on evidence which should have been excluded.

■ Third, plaintiff assigns error to certain findings of fact and the conclusion the city proved by a preponderance of the evidence there was reasonable cause to discharge the plaintiff, and the entry of judgment affirming the discharge. The findings are amply sustained by the evidence and support the conclusion. If we were of the opinion the trial court should have resolved the factual dispute the other way, the constitution does not authorize this court to substitute its findings for that of the trial court. The judgment must be affirmed. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 575, 343 P.2d 183 (1959).

Fourth, plaintiff contends the trial court erred by not requiring the Civil Service Commission to keep a record of the hearing in the court below, pursuant to section 7 of rule 11 of the Civil Service Commission. We find no merit to this contention. This rule applies when the appeal is heard before the Civil Service Commission. In the instant case, the commission was disqualified and the trial de novo was ordered heard before the superior court.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied March 1, 1972.