[No. 42449. En Banc. December 7, 1972.]

WILLIAM SYLVESTER et al., Respondents, v. ROBERT IMHOFF et al., Appellants, AUSTIN SYLVESTER et al., Respondents.

Kelly Hancock, for appellants.

Nansen & Price and Richard B. Price, for respondents.

WRIGHT, J.—This action involves an easement across the lands of another for the maintenance and operation of a ditch carrying irrigation water.

Appellants (defendants) are the owners of lands in Okanogan County. Respondents (plaintiffs) own lands nearby on which are orchards which require water.

Archibald Martin built the ditch in question over government lands and completed construction not later than 1903. Martin acted under the authority of an 1866 statute now known as Public Lands, 43 U.S.C.A. § 661 (1964), which permitted construction of ditches and canals across lands owned by the United States government. The statute further provided that all patents and homesteads shall be subject to the rights to ditches given by the statute. On October 6, 1903, the State of Washington filed a lieu land list claiming the right to have the subject property transferred to the state in lieu of school lands. On April 15, 1904, the government filed a clear list completing the transfer.

The land now owned by appellants continued in state

ownership until 1953. It was owned by one L. E. Graham from 1953 to 1960, when appellants acquired the property. Soon after 1960 a dwelling house was built within 6 feet of the ditch. Corrals and fences were built across the ditch.

From the time they purchased the property, until about 1965, appellants accepted the presence of the ditch. They were displeased with the ditch, but believed the statute of limitations had run and they could do nothing about it. In 1965, appellants were plaintiffs in Okanogan County cause No. 16640 against respondents Campbell. In their complaint therein they acknowledged the right of respondent William H. Sylvester to use the canal.

Disputes arose about the use of the ditch, and its maintenance. This action was instituted May 9, 1969, after appellant Robert Imhoff had forceably removed part of the ditch with a bulldozer, as well as having stopped the flow of water on other occasions.

Respondents, William H. Sylvester and wife, started this action asking for injunctive relief and for a decree quieting his title in the ditch. The respondents, other than William H. Sylvester and wife, were Austin Sylvester and wife, Clarence Campbell and wife, and W. W. Witham and wife. They were joined by action of appellants by a third-party complaint. Since the institution of the action, W. W. Witham has died and his widow, Nellie G. Witham, has been substituted.

Respondents rely upon three theories. (1) The federal legislation of 1866 gave the right to construct and maintain a ditch across the public domain. (2) The respondents claim to have received rights through the defunct Whitestone Water Users' Association. (3) The use of the ditch was open, notorious and adverse, and respondents gained rights by prescription.

After trial, the superior court made findings of fact, conclusions of law and entered a judgment. Finding of fact No. 1 reads:

 1. The Whitestone Irrigation Ditch was established and used for delivery of water for beneficial application

to the land in the year 1903 or prior thereto and at the time of the establishment and putting such ditch to beneficial use the land over which it traversed was Public Domain.

Finding of fact No. 2 reads:

2. The Whitestone Irrigation Ditch has been in continuous beneficial use since the time it was established in 1903 or prior thereto and has remained in substantially the same location to the present date.

Finding of fact No. 4 reads:

4. The use of such ditch by plaintiff and third party defendants and their predecessors in interest at all times since the establishment thereof and since the time said land passed from government ownership to private ownership, which is more than ten years from date of commencement of this action, has been open, notorious, adverse, uninterrupted, and under claim of right as against all others.

 We are firmly committed to the rule that the findings of fact of the trial court will not be disturbed on appeal if evidence is present in the record to support the findings. "[T]he constitution does not authorize this court to substitute its findings for that of the trial court." *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959), and cases cited therein. *Leonard v. Washington Employers, Inc.*, 77 Wn.2d 271, 461 P.2d 538 (1969); *State ex rel. Beam v. Fulwiler*, 6 Wn. App. 369, 492 P.2d 1040 (1972).

The land over which the ditch was built was owned by the federal government at the time of the construction. The 1866 federal statute was controlling. All subsequent transfers of the property were subject to the right to keep and maintain the ditch. *Lynch v. Lower Yakima Irr. Co.*, 73 Wash. 173, 131 P. 829 (1913).

In addition, the court's finding of fact No. 4 clearly establishes that respondents have a prescriptive right to maintain the ditch. *Anderson v. Secret Harbor Farms, Inc.*, 47 Wn.2d 490, 288 P.2d 252 (1955), sets forth the requirements

for an easement or way by prescription. Each of the requirements is covered in the finding.

The respondents being entitled to prevail for either or both of the reasons above discussed, we find it unnecessary to discuss the rights acquired by respondents through the now defunct Whitestone Water Users' Association, Inc. This case involves an easement or right-of-way and not a water right.

The judgment of the trial court is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, and UTTER, JJ., concur.