[No. 6110–4–II. Division Two. July 26, 1984.]

*In the Matter of the Marriage of* SALLY V. MAIN,
*Respondent, and* ROGER J. MAIN, *Appellant.*

*Don Taylor,* for appellant.

*Steven P. Weinberg,* for respondent.

REED, J.—Roger Main appeals the trial court's decision requiring him to continue paying child support for a son who has reached 18 years of age. We reverse.

On April 29, 1974, the Thurston County Superior Court entered a dissolution decree terminating the marriage of Roger and Sally Main. The Mains had three children, Brian, Christine, and Karen. The decree awarded custody of the children to Sally and provided for child support in the amount of $150 per month per child, to continue "until said children are no longer dependent, are emancipated, or until further order of this court." Since Brian's 18th birthday, Roger has refused to pay

support for him. When Brian reached 18, he was a senior in high school and still living at home. After graduation in June 1981, Brian worked full time throughout the summer. During the fall of 1981 he enrolled at Olympia Technical Community College. He continues to live at home and Sally has paid, except for his automobile expenses, all of Brian's living and educational expenses.

In January 1982, Sally obtained a judgment ordering Roger to pay accumulated back support and continue to pay support for Brian so long as he is enrolled in a full-time undergraduate program and remains a dependent child. Roger appeals.

RCW 26.09.170 provides in part:

Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child.

As used in this statute, emancipation occurs upon reaching the age of majority or emancipation in fact, whichever event first occurs. *In re Marriage of Gimlett,* 95 Wn.2d 699, 629 P.2d 450 (1981). Brian was emancipated at the time this suit was brought because he had reached the age of 18. *See* RCW 26.28.010. Roger is still living and he and Sally have not agreed in writing to terminate Brian's support. The issue, then, is whether the divorce decree expressly provided for child support beyond emancipation. It did not.

"Express" means "directly and distinctly stated or expressed rather than implied or left to inference: not dubious or ambiguous". *Webster's Third New International Dictionary* 803 (1969). The divorce decree in this case does not unambiguously provide for child support beyond emancipation. The decree states that child support shall continue, "until said children are no longer dependent, are emancipated, or until further order of this court." The three conditions or events terminating child support are in the disjunctive. Therefore, the occurrence of any one of the events terminates Roger's obligation to support the child. The trial court properly concluded that Brian, having

reached the age of 18, was emancipated. *See* RCW 26.28-.010. Emancipation was an event triggering the end of support payments and the trial court erred in concluding otherwise.[1]

Sally contends that the decree's reference to dependency requires continuation of child support until the child is no longer dependent, regardless of when emancipation is reached, citing *Childers v. Childers,* 89 Wn.2d 592, 575 P.2d 201 (1978). We disagree. *Childers* did not hold that the mere use of the word "dependent" in a decree mandates continuation of child support until the child is no longer dependent. The case simply held that, consistent with RCW 26.09.170, a trial court has authority to order a parent to pay child support beyond the age of majority while a college education is pursued. However, the decree must "expressly provide" for support beyond emancipation. RCW 26.09.170. Unlike *Childers,* the decree in the case at bar does not expressly provide for child support beyond emancipation.

Reversed.

WORSWICK, J., concurs.

PETRICH, C.J. (dissenting)—Although the court may affirm a trial court's decision for reasons other than those relied on below or urged by the prevailing party so long as the basis for affirming is within the pleadings and evidence, *Pannell v. Thompson,* 91 Wn.2d 591, 589 P.2d 1235 (1979); *I-5 Truck Sales & Serv. Co. v. Underwood,* 32 Wn. App. 4, 645 P.2d 716 (1982), reversal for reasons not urged by the appellant has never been sanctioned. The majority has fashioned an argument supporting reversal which was not presented by the appellant to this court, contrary to well

---

[1]The medical insurance provision of the decree is consistent with the support provision. The decree ordered Roger to provide medical insurance for "so long as they [minor children] are dependent and unemancipated." This language clearly indicates that medical insurance will terminate upon emancipation, regardless of whether the child is still dependent.

established limitations on appellate review. *In re Marriage of Croley,* 91 Wn.2d 288, 588 P.2d 738 (1978).

The appellant in his brief challenges the court's findings of Brian's dependency. He argues that Brian was not only emancipated upon his reaching majority but also by virtue of his own self–sufficiency and lack of dependency as evidenced by his full–time summer employment and graduation from high school followed by part–time work and attendance at community college. While referring to the decree and its provisions for child support, his brief is devoid of any argument that the decree lacks any express provision for support beyond emancipation. The appellant in his brief acknowledges that the 1973 dissolution of marriage act (RCW 26.09) bases the support obligation on dependency not majority as was formerly the rule. His argument seems to be that Brian was not a dependent because he was emancipated in fact during the summer[2] following graduation from high school.

Nobody questions the fact that Brian reached the age of majority in March of 1981. In light of the argument presented to this court, reversal could only result from a successful challenge to the court's finding that Brian was thereafter a dependent child.

Dependency is a question of fact. A dependent is "one who looks to another for support and maintenance, one who is in fact dependent, one who relies on another for the reasonable necessities of life." *Childers v. Childers,* 89 Wn.2d 592, 598, 575 P.2d 201 (1978). There was evidence that Brian suffers from a debilitating stomach problem which required hospitalization and interfered with his ability to work; that notwithstanding his summertime earnings, he relied on his mother for food, housing and necessary equipment to attend school. Since substantial evidence supports the trial court's findings, they will not be disturbed on appeal. *In re Sego,* 82 Wn.2d 736, 513 P.2d 831 (1973);

---

[2]Appellant then argues the obligation to support, having terminated by lack of dependency, cannot be reimposed.

*Sylvester v. Imhoff,* 81 Wn.2d 637, 503 P.2d 734 (1972).

Assuming, as the majority has, that the appellant argued that the decree does not expressly provide for child support beyond the date of emancipation, I would still affirm the trial court's decision.

In its analysis, the majority seems to confine itself to only a portion of the decree which deals with the provision for child support. After a review of the entire decree, I am satisfied that decree expressly provides that child support continues during dependency notwithstanding Brian's earlier emancipation on his 18th birthday.

Pertinent provisions of the decree provide that the payment of monthly support of a specified amount is to commence at a certain date, "and continuing thereafter . . . until said children are no longer dependent, are emancipated, or until further order of this court." The decree continues:

> That should said children be dependent at the time of [the father's] death, the obligation to assist with their support shall continue following the death of [the father] and become a charge against his estate for so long as he is required to assist with their support less any social security benefits to which the children may be entitled at the time.

The term emancipation has two connotations. Emancipation occurs by operation of law upon a child reaching the age of majority. Emancipation can also occur due to factual circumstances such as marriage, military service, incarceration or economic sufficiency. If either of these enumerated events occur, the child is no longer dependent on the parent or parents and emancipation in fact occurs. *In re Marriage of Gimlett,* 95 Wn.2d 699, 629 P.2d 450 (1981).

Since the term "emancipation" as used in the decree embraces the age of majority and lack of dependency, the use of the term "no longer dependent" is superfluous unless the court intended that support continue beyond majority so long as the children were dependent. No one can doubt that the decree requires continuation of support payments

beyond the death of the father for dependent children. It would be anomalous, if not absurd, for child support to continue during dependency should the father die, but he should have no obligation while he was still alive.

In my view the majority misinterprets the decree when it characterizes the critical portion of the decree relating to support as stating "three conditions or events terminating child support." Rather than conditions or events terminating child support, the decree specifies conditions or events *requiring* child support.

If the decree had provided that the support payments shall *terminate* "when the children are no longer dependent, are emancipated, or on further order of the court," then I would agree that any one of the three different situations would trigger termination (or modification) of support payments. Here, however, the decree imposed a continuing obligation to support so long as the child is either dependent or not emancipated.

I agree with the majority when it states in the footnote that the provision requiring continuation of medical insurance "clearly indicates that medical insurance will terminate upon emancipation, regardless of whether the child is still dependent." I disagree, however, that this supports the majority's interpretation of the child support provision. The contrary is true.

Like the provisions for child support, the requirement to maintain medical insurance is a continuing obligation. However, the obligation to maintain medical insurance coverage is contingent upon the child being "dependent *and* unemancipated." If the child is either no longer dependent or emancipated, the dual requirement no longer exists and medical insurance coverage may be terminated. The obligation to provide child support does not have such a dual requirement. Child support continues so long as the child is either dependent or unemancipated.

There is no doubt that the requirement to provide support payments differs from the requirement to maintain medical insurance. The reason for limiting insurance cover-

age to a dependent *and* unemancipated child may be because of the provisions of the particular insurance policy. Whatever the reason, it is obvious that support payments were intended to continue during a child's dependency.

I would affirm the trial court.