[No. 8075–0–I.   Division One.   March 2, 1981.]

*In the Matter of the Marriage of* GEORGE E. COOK, *Respondent, and* ROYLYN JUNE COOK, *Appellant.*

*Claire Youmans,* for appellant.

*Thomas A. Clark,* for respondent.

RINGOLD, J.—The former wife, Roylyn June Cook, appeals the trial court's modification of the decree of dissolution so as to require her to pay $200 per month child support. We conclude that the trial court properly exercised its discretion and affirm.

Two children were born to the parties during their 13–year marriage which was dissolved in January 1977. Mr. Cook was awarded custody of the children; Mrs. Cook, unemployed at the time, was not ordered to make any support payments.

Since the dissolution of the marriage, Mrs. Cook has obtained employment netting her an annual income of $12,000. She now lives with a man to whom she is not mar-

ried. At the beginning of the modification hearing Mrs. Cook moved that the trial court disallow any questioning of her companion, James Liverman, regarding his income and expenses on the ground that he has no obligation to support Mrs. Cook's children. The trial court denied the motion on the basis that "it would be inappropriate for the Court to exclude any relevant information that might be probative on the issues."

The testimony indicated that Liverman had been living with Mrs. Cook for 2 1/2 years, during which time he has made no contribution to household expenses except for repairing the house and providing an automobile for Mrs. Cook's use. Documentary evidence showed that Liverman's income for 1978 was over $26,000. Generally Liverman was an uncooperative witness, requiring questions to be repeated, and claiming that he and Mrs. Cook have an agreement regarding his responsibilities to the household, a copy of which or the terms of which he was unable to produce. Separated from his wife, Liverman testified that he voluntarily paid her $300 per month because "I think I owe her that much," but stated he felt no obligation to Mrs. Cook, claiming he gave her occasional small gifts of cash and "a small bottle of perfume, maybe trinkets or jewelry, things like that, flowers, or whatever."

The trial court ruled that "her [Mrs. Cook's] income alone given her employment and her obligations, enable her to pay the sum of $100 per month for each child."

## ISSUES

1. Did the trial court err by failing to enter an express finding regarding changed circumstances?

2. Is there substantial evidence to support the finding that the children have need and the wife has ability to pay?

3. Did the trial court err in admitting the testimony regarding the wife's companion's income and expenses?

## CHANGED CIRCUMSTANCES

Mrs. Cook argues that before modifying a dissolution

decree a court must make an express finding that there has been a substantial and material change of circumstances since the entry of the decree. RCW 26.09.170; *Lambert v. Lambert,* 66 Wn.2d 503, 403 P.2d 664 (1965). Failure of the court to do so here, she claims, is reversible error. Mr. Cook responds that the statute requires only a showing, as distinct from a finding, regarding changed circumstances, then points out the evidence in the record on the basis of which such a finding could have been made.

The statutory provision allowing for modification of a divorce decree represents a departure from the common law res judicata rule. *In re Marriage of Roorda,* 25 Wn. App. 849, 853, 611 P.2d 794 (1980). The function of the statutory requirement that "changed circumstances" be shown is to insure against the protracted litigation to which disgruntled former spouses are sometimes prone. In a closely analogous situation the Supreme Court stated, "Such a procedure [modification without changed circumstances] would be an unwarranted invitation to continued litigation based upon judge shopping." *Wagner v. Wagner,* 95 Wn.2d 94, 100, 621 P.2d 1279 (1980). Therefore the showing of changed circumstances required by RCW 26.09-.170 is a material factual determination in any modification proceeding, as to which the trial court should make a finding of fact. *Wold v. Wold,* 7 Wn. App. 872, 875, 503 P.2d 118 (1972).

Here the absence of such a finding does not require a remand for entry of such findings, because there is ample undisputed evidence in the record on the basis of which this court can draw its own conclusions. *Peeples v. Port of Bellingham,* 93 Wn.2d 766, 613 P.2d 1128 (1980). There is evidence in the record that Mrs. Cook's income went from zero to twelve thousand dollars a year and that the children's needs increased. These facts warrant the conclusion that there are changed circumstances. While entry of a finding on this point is clearly preferred in every modifica-

tion case, its absence here does not require a remand.

This same evidence answers Mrs. Cook's second contention, *viz.*, that there is not substantial evidence of her ability to pay and of the children's needs. The proof of Mrs. Cook's increased income is substantial evidence of her ability to pay, and Mr. Cook's testimony to the effect that the expenses of the children are greater is substantial evidence of the children's needs. *Arnold v. Sanstol,* 43 Wn.2d 94, 260 P.2d 327 (1953).

### Companion's Income and Expenses

Stressing the nonmarital relationship between Liverman and herself, Mrs. Cook argues that the trial court erred in admitting evidence of Liverman's income and expenses. Liverman has no duty to support either her or her children, absent some quasi–marital relationship, she argues, and therefore his income and expenses are wholly irrelevant to her economic condition as it bears upon her ability to support her children. Mr. Cook responds that the trial court did not take into account Liverman's income, pointing to the trial court's finding that "based upon respondent wife's income through her employment, respondent wife is able to contribute $100 per month per child for the support and maintenance of the minor children of the parties . . ."

That Liverman has no duty to support Mrs. Cook or her children does not, ipso facto, cause his income and expenses to be immaterial to this modification petition. In deciding a modification petition the trial court must consider "the needs of the children and the economic circumstances of the parents". *Lane v. Lane,* 4 Wn. App. 632, 634, 483 P.2d 644 (1971). In *In re Marriage of Curran,* 26 Wn. App. 108, 110–11, 611 P.2d 1350 (1980), this court upheld a trial court's consideration of gratuities received by a spouse in determining the modification petition. The court pointed out that the trial court considered the gratuities:

[N]ot as income or resources but as they related to Mr. Curran's economic prospects. . . . the trial judge determined that it was unreasonable for Mr. Curran to con-

tinue in a position yielding a very low salary given his educational and business background. A parent should not be allowed to avoid obligations to his or her children by voluntarily remaining in a low paying job or by refusing to work at all.

In the present case, there is nothing in the oral opinion or in the findings to suggest that the trial court included Liverman's income as available to Mrs. Cook and attributable to consideration of her ability to pay. As in *Curran,* however, the trial court was within its discretion to have concluded that it is unreasonable for Mrs. Cook to avoid her obligations to her children by providing room and board to a companion whose only contributions, according to his testimony, to the household are work on the house, occasional cash gifts of less than $50, and jewelry, trinkets and flowers. Liverman's income, proven by documentary evidence to have been $26,000 in 1978, bears directly upon the reasonableness of Mrs. Cook's management of her resources, and must be considered a part of her overall circumstances. Just as in *Curran* the trial court must make judgments about a parent's management of his or her affairs and it must therefore be within the reach of its broad discretion to consider all evidence that bears upon that inquiry. The trial court here did not abuse its discretion. *In re Marriage of Nicholson,* 17 Wn. App. 110, 114, 561 P.2d 1116 (1977).

The order modifying the decree of dissolution is affirmed.

JAMES, C.J., and DURHAM, J., concur.