[No. 13103–6–I.   Division One.   March 5, 1984.]

*In the Matter of the Marriage of* LAUREN D. STUDEBAKER, *Appellant, and* ANN STUDEBAKER, *Respondent.*

*Schweppe, Doolittle, Krug, Tausend & Beezer, P.S.,* and *Robert R. Beezer,* for appellant.

*William L. Kinzel,* for respondent.

WILLIAMS, J.—Lauren D. Studebaker appeals from an order modifying a marriage dissolution decree. The order segregated previously undifferentiated spousal maintenance and child support and, further, required that Mr. Studebaker provide for the post high school education of two of his children. Both were under 18 years of age and dependent when the modification order was entered. We affirm.

The principal question is whether the Superior Court was empowered to modify the decree to provide for the college education of the two children. Mr. Studebaker argues that because the original decree did not provide for the children's post high school education the court cannot now place this burden upon him.

RCW 26.09.170 provides:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child . . .

In *Childers v. Childers,* 89 Wn.2d 592, 575 P.2d 201 (1978), the Supreme Court held that RCW 26.09 permitted the trial court to order support, in the original decree, beyond a child's minority. In *In re Marriage of Gimlett,* 95 Wn.2d 699, 704, 629 P.2d 450 (1981), the court further stated that "[i]n compelling situations where post–majority support was not originally granted, courts have the power to modify the decree upon a showing of a substantial change of conditions."

■ Taken together, *Childers, Gimlett,* and RCW 26.09-
.170 mean that, in compelling circumstances arising before
emancipation, the trial court may modify a decree to pro-
vide for a child's post–majority support upon a showing of a
substantial change of conditions.

Such a showing was made in this case. The trial court's
finding of fact 5, accepted by both parties, reads:

> There has been a substantial change of circumstances
> regarding post–high school education for the parties'
> dependent children, Eric Andrew and James David. At
> the time of the original agreement on March 1, 1978, and
> the subsequent modification on July 9, 1979, the parties
> could not have predicted that Eric Andrew would have
> been qualified for post–high school education. On March
> 1, 1978, and July 9, 1979, Eric Andrew was experiencing
> substantial problems which would have precluded one
> from predicting that Eric Andrew would go to college. At
> the time that support was provided for James David,
> pursuant to the agreement of March 1, 1978, James
> David was 11 years of age and was not the proper subject
> for consideration of post–high school education. Pres-
> ently, James David and Eric Andrew are candidates for
> post–high school education. Each are dependent upon
> the parties herein, each has the aptitude and ability to
> successfully complete post–high school education, and
> each has excelled academically. The parties have college
> educations, and except for the dissolution of marriage
> herein, both of the parties' children would have likely
> obtained post–high school education.

This finding presents a sufficient basis for the trial court's
ruling. There was no error.

■■ The next question is whether a provision in the
decree stating that it "shall not be modified without con-
sent of both husband and wife" bars modification of the
decree's undifferentiated maintenance provision. It does
not. When spousal maintenance and child support are not
segregated in the decree, the decree may be modified not-
withstanding a contrary agreement. *Troyer v. Troyer,* 177
Wash. 88, 30 P.2d 963 (1934); *In re Marriage of Olsen,* 24
Wn. App. 292, 600 P.2d 690 (1979). Similarly, principles of
collateral estoppel or res judicata have no application in

cases involving the custody and support of children. *In re Marriage of Cook,* 28 Wn. App. 518, 521, 624 P.2d 743 (1981); *In re Marriage of Roorda,* 25 Wn. App. 849, 853, 611 P.2d 794 (1980). The power of the trial court to modify provisions of the decree pertaining to the children's welfare is inviolable.

■ Mr. Studebaker's final contention is that, by segregating the undifferentiated maintenance, the trial court imposed upon him several tax disadvantages in violation of the decree's nonmodification provision. The record does not contain any indication that Mr. Studebaker advanced this claim in a substantive fashion at trial. Hence, it will not be considered on appeal. *In re Marriage of Dalthorp,* 23 Wn. App. 904, 909, 598 P.2d 788 (1979). RAP 2.5(a).

Affirmed.

CORBETT, A.C.J., and SWANSON, J., concur.