[No. 7971-6-III.   Division Three.   December 10, 1987.]

*In the Matter of the Marriage of* CARLA ANDERSON, *Appellant, and* ALFRED JAY ANDERSON, *Respondent.*

*John Gilreath* and *Cone, Fraser, Gilreath & Korte,* for appellant.

*W. James Kennedy* and *Thorner, Kennedy, Gano & Rowley,* for respondent.

THOMPSON, J.—Carla Ketchum (formerly Anderson) appeals a judgment of the superior court denying her motion to require her former husband to continue child support payments, for educational purposes, beyond their daughter's 18th birthday. We reverse.

The Andersons' dissolution decree, entered on October 22, 1982, provided:

> Beginning with the month of August, 1983, Respondent shall pay Petitioner child support in the amount of 27% of his net take home pay for two children subject to Yakima County Superior Court Local Rule 94.04 and any changes therein, said sum not to exceed $250.00 per month per child. *Said support shall be payable so long as the children remain dependent.*

(Italics ours.) At the time the decree was entered, Traci, the parties' eldest child, was just beginning her first year of high school.

On April 23, 1986, Ms. Ketchum filed a motion asking the court to order Mr. Anderson to pay at least $200 per month child support for Traci while she attended Central Washington University. The motion also sought production

of Mr. Anderson's tax returns because of his unilateral reduction in child support payments.

After a hearing, the motion for support beyond the age of 18 was denied; a motion for an automatic increase in child support as allowed by a revision to Yakima County Rule 94.04 was denied, but with leave to file a separate petition for modification on that issue; and Mr. Anderson was ordered to pay $900 in child support arrearage. Ms. Ketchum's request for attorney fees and costs was denied without entering findings of financial need or ability to pay.

The primary issue is whether the phrase "[s]aid support shall be payable so long as the children remain dependent" in the original decree precluded the court from requiring Mr. Anderson to pay support for Traci beyond her 18th birthday; or conversely, whether the language is sufficiently broad to allow the support request.

Mr. Anderson is correct in pointing out the motion before the trial court was not to modify the original decree of dissolution. Ms. Ketchum took the position in phrasing her motion that the decree of dissolution already allowed post-majority education support because Traci was still factually dependent and, under the language of the decree, support was payable as long as Traci remained dependent. However, the parties presented evidence pertaining to changed circumstances not contemplated by them when the original decree was entered. Both cited and discussed cases involving the issue of modifying a decree to add a postmajority support provision. *See Wimmer v. Wimmer,* 44 Wn. App. 842, 723 P.2d 531, *review denied,* 107 Wn.2d 1016 (1986); *In re Marriage of Oliver,* 43 Wn. App. 423, 717 P.2d 316 (1986); *In re Marriage of Zander,* 39 Wn. App. 787, 695 P.2d 1007 (1985); *In re Marriage of Studebaker,* 36 Wn. App. 815, 677 P.2d 789 (1984). Former RCW 26.09.170 required a showing of a substantial change in circumstances before support provisions in a decree could be modified.[1]

The trial court did not make a finding of fact regarding

---

[1]Former RCW 26.09.170 provided in part:

whether a substantial change in circumstances had been shown. It did make a finding that "prior to the parties separation the parties had generally talked about their hopes and desires for their children to attend college with no specifics being mentioned", which indicates the statutory criteria were considered. The wording of the court's dispositive conclusion is based on the belief it was legally precluded from altering the original decree, and the phrase at issue was not sufficient nor specific enough under former RCW 26.09.170 to allow the court to continue support beyond Traci's 18th birthday. In the words of the trial court:

> (1) That even though the petitioner brought on through her petition the request for post–high school educational support before the parties' eldest child Traci obtained the age of majority and before her graduation from high school, the use of the phrase that "the child support shall be payable so long as the children remain dependent" in the original Decree of Dissolution *legally precludes the Court from even considering* a legal obligation of the respondent to pay for post–high school educational support for the parties' eldest child Traci. This is true even though the child is factually dependent within the meaning and context of *Childers v. Childers,* 89 Wn.2d 592 (1978) and the factors contained therein would lead a Court to conclude a requirement for post–high school educational support of the parents. Specifically, the use of the phrase "payable so long as the children remain dependent" does not fulfill the specific

---

Modification of decree for maintenance or support, property disposition—Termination of maintenance obligation and child support—Grounds. Except as otherwise provided in subsection (7) of RCW 26.09.070, the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial change of circumstances. . . .

. . .

Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child.

The Legislature this year amended RCW 26.09.170 and 26.09.100 in Laws of 1987, ch. 430, effective July 26, 1987, to provide modification without showing a substantial change of circumstances in certain enumerated circumstances.

requirements of the case *In Re the Marriage of Gimlett,* 95 Wn.2d 699 (1981) and *In Re the Marriage of Main,* 38 Wn. App. 351 (1984). The Court is aware and has read the case of *Marriage of Oliver,* 43 Wn. App. 423 (1986). The ultimate conclusion of the Court is that the use of the term "payable until the children are no longer dependent" is not sufficiently stated and specific enough so as *to require or allow the Court to consider* post–high school educational support requirements. The petitioner's request should therefore be denied.

(Italics ours.)

Because modification and the scope of the word dependent as used in the decree were argued to the trial court and this court, we will discuss both.

## THE ORIGINAL DECREE

The court refused to extend support beyond emancipation in the case of *In re Marriage of Gimlett,* 95 Wn.2d 699, 629 P.2d 450 (1981). Petitioners in *Gimlett* argued that the phrase in the dissolution decree "until said children are emancipated" meant, in effect, "for so long as the children are dependent", and *Childers v. Childers,* 89 Wn.2d 592, 575 P.2d 201 (1978) held dependency could continue beyond majority. The court rejected this argument and held the term "emancipation", in former RCW 26.09.170, means the age of majority, or earlier under certain circumstances such as marriage or military service. But *Gimlett* does not answer whether "dependent" in place of "emancipation" provides the necessary express provision required by statute.

The phrase at issue in *In re Marriage of Main,* 38 Wn. App. 351, 684 P.2d 1381 (1984) was: "'until said children are no longer dependent, are emancipated, or until further order of this court.'" *Main,* at 351. The court held the happening of any one of the three events terminated the father's support obligation because the phrase was in the disjunctive. Having turned 18, the child was emancipated. The emancipation triggered the end of the support obligation because it was one of the conditions stated, even

though the child may have continued to be dependent. Since *Main* concerned specific conditions in the disjunctive, it is distinguishable from this case. The phrase used here provides for support for so long as dependent without qualification.

■■ When dependency ends is a factual determination and is not synonymous with emancipation. It is to be determined from the surrounding circumstances, such as the child's needs, prospects, desires, aptitudes, abilities and disabilities, the parents' level of education, standard of living, and current and future resources, and the amount and type of support the child would have been afforded if the parents had not divorced. *Childers,* at 598. Many of these factors simply cannot be foreseen or evaluated when the decree is entered. For this reason, some flexibility is desirable, allowing for a later determination of factual dependency rather than an automatic termination of support upon emancipation as provided in RCW 26.09.170. The wording in this decree was sufficiently broad to allow the court to postpone determining the continued existence of a need for Traci's support beyond age 18. At the same time it was express and specific enough to evidence an intention that an event other than emancipation would terminate Mr. Anderson's support obligation, as required by RCW 26.09-.170 and *Gimlett.* The trial court held that Traci was factually dependent, utilizing the factors outlined in *Childers.* Because we hold the language used was sufficiently broad to allow the court to order continued support beyond Traci's 18th birthday, it was error not to do so. We emphasize that it is factual dependency, not merely the desire of an adult child to attend college, which creates a duty to provide continued support. *Childers,* at 601. Here, that dependency is undisputed.

## MODIFICATION

■ We also hold that the court could have modified the decree. *Gimlett* noted: "In compelling situations where postmajority support was not originally granted, courts

have the power to modify the decree upon a showing of a substantial change of conditions". *Gimlett,* at 704. *In re Marriage of Studebaker, supra,* held that a child, age 11 at the time of entry of the decree, was not a proper subject for consideration of post–high school education support. *See also Wimmer v. Wimmer, supra* at 845. In this case, Traci was just entering her first year in high school when the decree was entered. Also, as noted by the trial court, though there was some discussion about the Anderson children attending college, no specific agreement was reached or decision made. Thus, Traci's future status as a dependent child was not contemplated at the time of the decree.

Even though the trial court did not enter specific findings of a change of circumstances not contemplated at the time the original decree was entered, there is ample evidence of such a change. Thus, even if we had concluded use of the word dependent in the decree was not express enough to allow postmajority support, modification would have been appropriate.

The final issue is whether the trial court erred in denying the petitioner attorney fees. RCW 26.09.140 allows the court to award attorney fees at trial and on appeal after considering the financial resources of the parties. A decision under this statute is discretionary and will not be overturned absent an abuse of discretion. *In re Marriage of MacDonald,* 104 Wn.2d 745, 751, 709 P.2d 1196 (1985); *Abel v. Abel,* 47 Wn.2d 816, 289 P.2d 724 (1955).

RCW 26.18.160 allows costs and reasonable attorney fees to the prevailing party in any action to enforce a support order where the prevailing party is the obligee. The petitioner need not show financial need under this statute. *In re Marriage of Correia,* 47 Wn. App. 421, 426, 735 P.2d 691 (1987); *Effert v. Kalup,* 45 Wn. App. 12, 17–18, 723 P.2d 541 (1986). In light of our decision reversing the refusal to allow support beyond the minor child's 18th birthday, we remand this case to the trial court to determine: (1) the support to be awarded; (2) the appropriate attorney fees considering both cited statutes, plus the fact Ms. Ketchum

prevailed in her request for back child support at the trial level, and postmajority support on appeal.[2]

Reversed and remanded.

McINTURFF, C.J., and GREEN, J., concur.

---

[2]Ms. Ketchum has complied with RAP 18.1 with regard to her request for fees on appeal.

We note that during oral argument it was mentioned that Mr. Anderson has voluntarily been providing support for Traci's college education. This fact should be taken into consideration in determining arrearage.