[No. 8270-9-III.   Division Three.   June 7, 1988.]

*In the Matter of the Marriage of* MARILYN J. BELSBY,
*Respondent, and* GARY C. BELSBY,
*Appellant.*

*Elizabeth Balas* and *Balas & Weiland,* for appellant.

*Peg Callaway* and *Callaway & Howe,* for respondent.

McInturff, C.J.—The child support order for Brian Belsby was modified to increase the amount of support and to continue it until the child ceases to be a full–time student, through the year 1994, including graduate[1] studies. We affirm in part, but modify the order to eliminate the support for graduate studies.

The marriage of Marilyn Belsby (now Pringle) and Gary Belsby was dissolved in 1978; Mr. Belsby was ordered to pay $150 per month per child for the couple's two children until each child reached 18, married or was otherwise emancipated. The oldest child, Daren, was over 18 at the time the petition to modify the dissolution decree regarding child support was filed. Support for Daren is not an issue. The second child, Brian, was 16 at the time the petition for modification was filed. The petition claimed the increasing financial needs of Brian, his status as an honor student and plans to go to college after high school constituted a substantial change of circumstances justifying an increase in the amount and term of the support order. Brian expressed an interest in becoming a lawyer or a sports medical professional requiring medical school training.

The court ordered Mr. Belsby to pay $325 per month for support of Brian from January 1986 through August 1987. It increased the child support amount to $350 per month from September 1, 1987, to "continue in that amount until such time as Brian ceases to be a fulltime student, barring unforeseen emergencies, to the year 1994, to include graduate studies."

---

[1] When using the term "graduate", we are referring to the definition in the *Random House Dictionary* 827 (2d ed. 1987): "2. a student who holds the bachelor's or the first professional degree and is studying for an advanced degree."

The first issue is whether the court erred in awarding postmajority support for 6½ years.

A

SUBSTANTIAL CHANGE IN CIRCUMSTANCES

*Childers v. Childers,* 89 Wn.2d 592, 597, 575 P.2d 201 (1978) permits a court to order support in the original decree beyond a child minority. A showing of substantial change in circumstances is required before the support provisions in a decree can be modified. Former RCW 26.09–.170.[2] *In re Marriage of Gimlett,* 95 Wn.2d 699, 704, 629 P.2d 450 (1981) held courts have power to modify a decree to provide postmajority support upon a showing of substantial change of conditions "[i]n compelling situations where postmajority support was not originally granted . . .." Whether a substantial change of circumstances has occurred is a factual question discretionary with the judge. *Lambert v. Lambert,* 66 Wn.2d 503, 508, 403 P.2d 664 (1965).

*In re Marriage of Studebaker,* 36 Wn. App. 815, 817, 677 P.2d 789 (1984) held a substantial change of circumstances not contemplated by the parties at the time of the original decree supported modification of support to provide for the post–high school education of children who had excelled academically in high school when both parents had college educations. *Studebaker,* at 817, looked at the circumstances

---

[2]Former RCW 26.09.170 provided in part:

"Modification of decree for maintenance or support, property disposition—Termination of maintenance obligation and child support—Grounds. "Except as otherwise provided in subsection (7) of RCW 26.09.070, the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial change of circumstances. . . .

". . .

"Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child."

RCW 26.09.170 was amended to provide modification without showing substantial change of circumstances under certain conditions. Laws of 1987, ch. 430, § 1, p. 1680.

of each child when the original decree was entered and noted a child then 11 years old "was not the proper subject for consideration of post–high school education." *See also Wimmer v. Wimmer,* 44 Wn. App. 842, 723 P.2d 531, *review denied,* 107 Wn.2d 1016 (1986).

However, *In re Marriage of Zander,* 39 Wn. App. 787, 695 P.2d 1007 (1985) held a fact known by the spouses, but not the court, at the time of the dissolution decree cannot constitute a substantial change of circumstances. Where the parents knew their children would not graduate from high school until age 19, yet the decree ordered support only until the children reached "eighteen years or [became] emancipated, whichever is sooner", there could be no modification because a support order can be modified only upon a change of circumstances occurring since the former decree. *Zander,* at 788; *Wagner v. Wagner,* 95 Wn.2d 94, 98, 621 P.2d 1279 (1980) (held it was error to terminate an alimony award absent a showing of substantial unanticipated change of circumstances).

*In re Marriage of Anderson,* 49 Wn. App. 867, 873, 746 P.2d 1220 (1987) held modification of a support order would have been appropriate where a child was entering high school at the time the decree was entered and

> though there was some discussion about the Anderson children attending college, no specific agreement was reached or decision made. Thus [the child's] future status as a dependent child was not contemplated at the time of the decree.

Here, as in *Studebaker* and *Wimmer,* support was originally ordered for a child in elementary school. Brian was around 10 years old at the time the original decree was entered so his high school academic performance and post–high school aspirations probably could not have been contemplated. Also there was evidence Mr. Belsby's financial status had increased substantially since the original decree; therefore, he could financially afford to assist Brian with college. What distinguishes this case is Marilyn Belsby's (Pringle's) testimony indicating the parties discussed the

possibility of support during college at the time of the original decree and that Gary Belsby objected:

Q. At the time of the entry of the decree was there support provided beyond eighteen?

A. No there wasn't.

Q. And do you have a recollection of why that was not provided for?

A. Well, I—I discussed providing help with college with Gary and he said absolutely not. And I'm not sure that my lawyer ever asked for it.

Q. Okay. Who set the child support amount then?

A. I'm not sure. I think they were willing to pay a hundred and fifty and Judge Kohls just basically said that's what it's going to be.

■ From this testimony it is apparent the parties discussed providing support for their children's college, and that Mr. Belsby opposed being obligated to support the children. However, the record does not disclose an agreement that they would not send their children to college; nor was there ever discussion on whether the children would go to college.

We hold the court did not abuse its discretion in ordering post–high school support for Brian based on a showing of substantial uncontemplated change of circumstances.

## B
### TERM OF THE POSTMAJORITY SUPPORT

We found no Washington case dealing with postmajority support extending through graduate school. *Childers,* at 594, affirmed a support order allowing three sons to complete work on their baccalaureate degrees, at which time each would be 22 years of age. The father obligated for support was a medical doctor and the mother was not "college–trained." *Childers,* at 599, held: "We stated long ago that this duty of support can extend to education, the type and extent to be determined under the facts of each case." *Childers,* at 599, quoted *Esteb v. Esteb,* 138 Wash. 174, 178, 244 P. 264, 246 P. 27, 47 A.L.R. 110 (1926) wherein the court said: "As to the amount of education that should be considered necessary, courts have never laid down a hard

and fast rule." Factors mentioned in *Childers,* at 599–602, are: (1) what is necessary in the sense of preparing a child (a child without a college education is "generally handicapped in pursuing most of the trades or professions of life . . .", *Childers,* at 600 (quoting *Esteb,* at 183)); (2) the financial ability of the parent to provide the support without significant hardship; (3) the aptitude of the child; and (4) the economic advantages the child would have been provided but for the divorce.

New Jersey law permits an order of graduate support in appropriate circumstances. *Ross v. Ross,* 167 N.J. Super. 441, 400 A.2d 1233 (1979) (divorced father ordered to pay $17.50 per week during period daughter attended law school; order was found to be in accordance with original decree ordering support "until emancipated"). We found no cases upholding modification of a support decree to extend an order that would have expired at age 18 to cover a graduate school education.[3]

Under *Childers,* at 598, dependency is a question of fact within the discretion of the trial judge. (Factors to consider are child's needs, prospects, desires, aptitudes, abilities, and disabilities, parents' level of education, standard of living, current and future resources, amount and type of support likely had there been no divorce.) We are convinced it would only be a rare circumstance where it would be proper to order support for a graduate education while a child is still in, or just graduated from, high school. It would be very difficult for a court at the time one graduates from high school to anticipate the many unforeseen circumstances that can occur during the undergraduate degree program. It is more reasonable and logical that the determination for graduate support be made at or near the completion of the undergraduate program. Should Brian

---

[3]The only cases found dealing with graduate school support concerned an original agreement covering college support or in a rare case graduate support. Annot., *Responsibility of Noncustodial Divorced Parent To Pay For, or Contribute to, Costs of Child's College Education,* 99 A.L.R.3d 322 (1980).

demonstrate ability and desire to attend law school or other graduate studies at the time he completes his undergraduate education, there may be a factual finding where dependency would be proper.

Policy considerations also persuade us judicial restraint is necessary. We note a second major factor mentioned in *Childers,* at 599, is the necessity of the education. *Childers'* analysis at this point is public policy oriented; there is discussion on whether a 4–year degree is necessary. We are not persuaded that a graduate education is necessary to equip all citizens for life. *Childers,* at 599, also states the type and extent of educational support is to be determined under the facts of each case. Another, but far from dominating, factor concerns the parents' education. In this instance neither of Brian's parents has a graduate degree.

Under the present circumstances, we hold it was an abuse of discretion to order support for Brian while at graduate school. The support order should be modified to terminate upon completion of 4 years of college. Jurisdiction to modify the decree upon Brian's completion of an undergraduate degree should be retained. The trial court's provision that Brian must attend college as a full–time student, barring unforeseen emergencies, is affirmed.

The second issue is whether the court erred in fixing the amount of support without considering all the relevant factors required by law.

Former RCW 26.09.100[4] permits a court to order reasonable necessary child support for a child of the marriage after considering all relevant factors. Dependency was discussed under the first issue. It is established that Brian was a child of the marriage. The statute does not specify what the relevant factors are; the amount of the support is a factual question, reviewable only for abuse of discretion. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d

---

[4]Laws of 1987, ch. 430, § 3, p. 1681, amended RCW 26.09.100 to permit the court to require annual adjustments of support based on changes in a party's income, the child's need, or an index or schedule.

775 (1971) (discretion that is manifestly unreasonable or exercised on untenable grounds is an abuse of discretion); *Puckett v. Puckett, 76 Wn.2d 703, 707, 458 P.2d 556 (1969).*

Findings of fact 4 and 5 indicate the factors considered by the court when it set the support order for Brian of $350 per month to commence September 1, 1987. The court considered evidence of Brian's aptitude and abilities, his future schooling financial needs and the financial abilities of the parties to pay and concluded support should be extended and that there would be no significant hardship on either of the parents to provide post–high school support.[5] We hold the support Mr. Belsby was ordered to pay was not an abuse of discretion.

The third issue is whether the court erred in ordering the support be retroactively increased. In oral argument this issue was withdrawn from the court's consideration because it was a matter of stipulation between the parties at trial. Thus, we do not address it.

Although Marilyn Belsby (Pringle) did not request attorney fees in her brief pursuant to RAP 18.1(b), she has filed a motion for attorney fees and an affidavit of attorney fees on appeal—for trial $4,426, and for appeal $4,562. No award of attorney fees was made at trial.

The basis of her request is RCW 26.18.160 and/or RCW 26.09.140. RCW 26.18.160 provides that a prevailing party is entitled to recovery of costs and reasonable attorney fees

---

[5]Additionally, Mr. Belsby (who manages a wheat and cattle ranch) supports only himself and his wife and had gross income at the time of trial of approximately $2,000 per month, and net wages of $1,660 per month. There is substantial evidence to support these findings.

Marilyn Belsby (Pringle) testified her husband's net income was $1,450 per month used to support the two of them, Brian, and to assist two children in college (Brian's older brother and Mr. Pringle's son). Additionally, however, the Pringles have interest income and property. Brian had a savings account of $4,000 at the time of trial. The account had diminished because money from the account was used to pay for a pickup for Brian to drive and extracurricular activities. Annual undergraduate college expenses comprising tuition and room and board were estimated for several colleges ranging from the University of Idaho ($4,072) to Georgetown University ($11,900) which Brian indicated an interest in attending.

in an action to enforce a support order. Since this is an appeal of a modification order, not an action to enforce support, the provision is inapplicable. RCW 26.09.140 allows a court to order a party maintaining or defending any action under RCW Title 26 to pay reasonable costs and attorney fees including those of appeal. The court must specifically consider the financial resources of both parties before so ordering. Having considered the record we deny the request. Each party is financially able to pay his or her attorney and neither would be under a critical hardship to do so.

The order of support is affirmed as modified to terminate approximately 4 years after Brian graduates from high school, a time when Brian should have completed a 4–year baccalaureate degree program, or sooner should he cease to be a full–time student.

GREEN and MUNSON, JJ., concur.