[No. 11235–3–II.   Division Two.   July 20, 1989.]

*In the Matter of the Marriage of* MARY B. OBLIZALO, *Respondent, and* JAMES O. OBLIZALO, *Appellant.*

REED, J.—James Oblizalo appeals a modification order increasing his level of support for his four children. He asserts that there was no substantial change of circumstances justifying the increase, and also that the court's extension of child support for his eldest child beyond the age of majority was improper. We affirm.

James Oblizalo and Mary Buechel were divorced in 1977. Buechel was awarded custody of the children, and Oblizalo was ordered to pay $75 per month per child for child support. The child support was increased to $110 per month per child following a modification trial in August of 1982, though no written findings were entered. John, the eldest of the four children, recently reached his 20th birthday, while the youngest will be 14 in July.

Although this proceeding was instituted on May 17, 1984, because of delays caused by both parties, the trial was not held until March 1987. Because findings were not entered at the 1982 modification trial, the parties stipulated to the trial court's review of the testimony and decision in the 1982 trial to determine the status of the parties at that time.

Following the review of the 1982 trial and additional testimony regarding the parties' present circumstances, the trial court found that both Oblizalo's income and Buechel's expenses had increased since 1982, and that both of these facts justified an increase in child support. Consequently, the court raised support to $325 per month per child, retroactive to January 1, 1986, and extended support for John, who became 18 on the second day of trial, through his 19th birthday.

Oblizalo first contends that the trial court's finding of a substantial change in circumstances justifying increased child support was an abuse of discretion. RCW 26.09.170 provides that the provisions of a dissolution decree dealing with child support "may be modified . . . only upon a showing of a substantial change of circumstances."[1] The petitioning party has the burden of proving that such a change has occurred, but the ultimate decision "rests almost exclusively with the trial court, and its decision will not be disturbed unless it is either manifestly unreasonable or clearly untenable." *Smith v. Smith,* 13 Wn. App. 381, 383, 534 P.2d 1033 (1975).

■ However, we need not consider whether the trial court abused its discretion as contended, because Oblizalo has failed properly to assign error to any of the trial court's conclusions or its findings establishing a change of circumstances. Although he cites the challenged findings and conclusions in his assignments of error, he does not set forth verbatim the material portions of the challenged findings and/or conclusions, in violation of RAP 10.4(c). Thus, we

---

[1]RCW 26.09.170 also provides, in relevant part:

Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child.

The statute was amended by Laws of 1987, ch. 430 to provide for modification without a showing of substantial change of circumstances in certain enumerated circumstances. The changes were effective on July 26, 1987, and are thus not applicable to this appeal.

decline to address them here. *Thomas v. French*, 99 Wn.2d 95, 99, 659 P.2d 1097 (1983).[2]

■ Oblizalo next contends that the trial court's comments and characterizations of his property and circumstances in 1982 indicate that it did not accept the 1982 court's "findings" as verities and amounted to relitigation of that trial. This contention is without merit. Oblizalo stipulated to the court's review of the 1982 proceeding, and did not object to those characterizations at the time of trial. Moreover, because no written findings were made, resort to the earlier proceeding and decision was proper and necessary to determine whether or not a substantial change in circumstances had occurred. *Holaday v. Merceri*, 49 Wn. App. 321, 327, 742 P.2d 127, *review denied*, 108 Wn.2d 1035 (1987); *In re Marriage of Curran*, 26 Wn. App. 108, 611 P.2d 1350 (1980). Additionally, and perhaps most importantly, the comments accurately reflect the substance of the testimony presented at the 1982 trial.

■ We reject Oblizalo's contention that it was reversible error for the trial court to make the effective date of the modification relate back to January 1, 1986. His position is inconsistent with the statutes and case law.[3] RCW 26.09-.170 states that modifications may be made "only as to

---

[2]Moreover, Oblizalo's ultimate challenge is to the trial court's conclusion that a substantial change of circumstances was proved. However, Oblizalo's fourth assignment of error does not challenge the court's finding that his income increased since the 1982 modification trial; this finding alone would be sufficient to support the conclusion that a substantial change of circumstances was proved, under RCW 26.09.170. "In deciding a modification petition the trial court must consider 'the needs of the children and the economic circumstances of the parents'." *In re Marriage of Cook*, 28 Wn. App. 518, 522, 624 P.2d 743 (1981). However, the weight that the trial court gives to the above factors is a matter of discretion, *Smith v. Smith*, 13 Wn. App. at 383, and the court need not find a change in all of the relevant circumstances to justify modification. *See, e.g., Hanson v. Hanson*, 47 Wn.2d 439, 287 P.2d 879 (1955).

[3]*See, e.g., Chase v. Chase*, 74 Wn.2d 253, 259, 444 P.2d 145 (1968) ("In a situation warranting modification of child support . . ., the court may make the modification effective either as of the time of filing the petition or as of the date of the decree of modification, or as of a time in between . . .").

installments accruing subsequent to the motion for modification . . ." Here, the petition was filed in 1984. The court was within its authority and discretion to order modification as to any installment accruing after that date.[4]

██ Oblizalo lastly contends that the trial court erred by continuing support for his eldest son, John, past the age of majority. We disagree. The original property settlement agreement states that Oblizalo's obligation to pay child support continues "so long as said children remain dependent, unemancipated, or until further order of the Court." Despite the fact that the decree refers to dependency and emancipation in the disjunctive, this case is distinguishable from *In re Marriage of Main,* 38 Wn. App. 351, 684 P.2d 1381 (1984). In *Main,* the decree stated that child support was to continue "*'until* said children are no longer dependent, are emancipated, or until further order of this court.'" *In re Marriage of Main, supra* at 352. Here, the parties used the conjunction "*so long as.*" "Until" is "a function word [used] to indicate movement reaching as far as a *limit* or *stopping point* . . . to indicate continuance (as of an action, condition, or state) *up to* a particular time . . ." *Webster's Third New International Dictionary* 2513 (1969). "So long as" means "during and up to the end of the time that : *as long as* : WHILE . . ." (Italics ours.) *Webster's,* at 2170.

The parties' use of the conjunction "so long as" indicates their intention that support continue *as long as* the children remain dependent, regardless of legal emancipation. By contrast, the word "until," as used in *Main,* clearly indicates an intention that the conditions listed imposed a

---

[4]Oblizalo's self–serving statement that he was not responsible for the delay in the prosecution of this matter is contrary to the record, and irrelevant. When making the modification retroactive, the trial judge specifically referred to delays occasioned by *both* parties. Moreover, the question of which party occasioned delay is irrelevant. Child support belongs to the children, not the parent. The custodial parent receives the support only as a trustee for the children. *In re Marriage of Pippins,* 46 Wn. App. 805, 808, 732 P.2d 1005 (1987). Thus, the *children* are the real parties in interest; they have not caused any delay.

limitation upon the support obligation. Thus, the only issue before the trial court was whether John still was dependent upon others for support and maintenance. The trial court so found, and the evidence clearly supports that conclusion.

A "dependent" is one who looks to another for support and maintenance, and relies on another for the reasonable necessities of life. *Childers v. Childers,* 89 Wn.2d 592, 598, 575 P.2d 201 (1978). When dependency ends is a factual determination to be determined from the surrounding circumstances, such as the child's needs, prospects, desires, aptitudes, abilities and disabilities, the parents' level of education, standard of living and current and future resources, and the amount and type of support the child would have been afforded if the parents had not divorced. *In re Marriage of Anderson,* 49 Wn. App. 867, 872, 746 P.2d 1220 (1987) (citing *Childers v. Childers, supra*). It is *factual dependency,* not merely the desire of an adult child to attend college, which creates a duty to provide continued support. *In re Marriage of Anderson, supra.*

John Oblizalo suffers from a debilitating arthritic condition, which has and will continue to require surgery and therapy. In continuing postmajority support, the trial court focused on this fact, as well as the fact that John was still in high school, living at home, and contemplating higher education. Mary Buechel's uncontradicted testimony indicated that, in addition to his arthritic condition, John developed Reiter's Syndrome, for which he received therapy as much as six times a week and might need surgery. She further testified that, because of John's condition, plans for his secondary and postsecondary education were unsettled until shortly before trial.

We have reviewed appellant's remaining assignments of error and find them to be without merit.

Finally, we reject Buechel's request for attorney's fees on appeal pursuant to RAP 18.1. Her reliance on RCW

26.18.160[5] is misplaced; this is an appeal of a modification order, and not an action to enforce support; RCW 26.18.160 is inapplicable. *In re Marriage of Belsby*, 51 Wn. App. 711, 718–19, 754 P.2d 1269 (1988). Buechel has not made a showing here of either her need or Oblizalo's ability to pay, as would be required for an award under RCW 26.09.140; thus an award under that statute would be inappropriate. *In re Marriage of Coons*, 53 Wn. App. 721, 770 P.2d 653 (1989); *In re Marriage of Ochsner*, 47 Wn. App. 520, 529, 736 P.2d 292, *review denied*, 108 Wn.2d 1027 (1987).

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.

---

[5]RCW 26.18.160 allows costs and reasonable attorney fees to the prevailing party in any action to enforce a support order where the prevailing party is the obligee, without a showing of financial need. *See In re Marriage of Anderson*, 49 Wn. App. at 873.