**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>SHAWN ANTHONY MESAROS,<br><br>Appellant,<br><br>and<br><br>SUZANNE KAREN PIERCE,<br><br>Respondent. | DIVISION ONE<br><br>No. 82174-1-I (consol. with No. 82470-8-I)<br><br>UNPUBLISHED OPINION |

DWYER, J. — Shawn Mesaros appeals from the superior court's orders awarding Suzanne Pierce attorney fees and costs and requiring Mesaros to pay his proportionate share of certain uninsured medical expenses and tutoring expenses for their child. Because Mesaros fails to establish an entitlement to relief on any of his claims, we affirm.

I

Shawn Mesaros and Suzanne Pierce married in 2001. In 2002, Mesaros and Pierce had one child. On February 13, 2003, their marriage ended by decree of dissolution.

Also on February 13, 2003, the superior court[1] entered both a parenting plan and a child support order. The parenting plan provided that the child reside solely with Pierce. Additionally, the child support order required Mesaros to pay

---

[1] In this opinion, we refer to orders entered by court commissioners as orders entered by the superior court.

Pierce $607.28 per month in child support. On June 9, 2006, an order was entered which increased the amount that Mesaros was required to pay Pierce for child support to $791.36 per month.

On February 11, 2014, Pierce filed a petition to modify the child support order that was entered on June 9, 2006. On May 30, 2014, the superior court entered an order modifying the 2006 child support. This order, among other things, increased the amount that Mesaros was required to pay Pierce each month in child support,[2] required Mesaros to pay his proportionate share of uninsured medical expenses, and awarded Pierce money judgments for unpaid back child support, past due unpaid medical support, and child care. Mesaros subsequently failed to fulfill his obligations under the 2014 child support order.

The parties agree that, on May 25, 2018, Pierce filed a motion for contempt against Mesaros in which Pierce sought enforcement of the 2014 child support order.[3] Approximately one month later, on June 28, Mesaros filed a petition to modify the 2014 child support order.

On August 7, 2018, the superior court entered an order denying the motion for contempt, reasoning that "the Court does not find contempt because it's not a clear case of contempt." Notably, however, this order provided that

---

[2] Specifically, this order required Mesaros to pay $2,159.94 per month in child support until September 26, 2014, and $2,424.45 per month after that date.

[3] The motion for contempt does not appear in the record on appeal. However, in his opening brief, Mesaros states: "On May 25, 2018, the Mother sought contempt against the Father for non-payment of the full amount of child support under the default order." Br. of Appellant at 9. Similarly, in her response brief, Pierce states that "in May 2018 [she] filed for contempt for [Mesaros's] failure to pay child support and for supplemental proceedings to collect his arrearage." Br. of Resp't at 41.

Pierce "is entitled to a judgment." The superior court reserved ruling on the judgment to which Pierce was entitled until a later hearing date.

Subsequently, Mesaros and Pierce entered into an agreement to settle on certain child support and child care expenses. On March 1, 2019, the superior court entered a stipulated order in which Mesaros agreed to pay Pierce $110,000 to "fully satisfy all past child support and past-due child care expenses owed by [Mesaros] to [Pierce] through January 31, 2019." The order also provided that Mesaros "shall pay monthly child support for the parties' child . . . in the amount of $732.07." Additionally, the order stated that "[t]he remaining terms of the Order of Child Support are not agreed to and shall be decided upon in binding arbitration."

The issues that were subject to arbitration included whether Mesaros would pay his proportionate share of certain expenses concerning the child's tutoring classes, other educational expenses, extracurricular activities, health insurance premiums, and uninsured medical expenses. The order provided that "[t]he parties shall enter a new child support order upon the arbitrator's decision memorializing both this agreement and the arbitrator's ruling."

On June 19, 2019, the arbitrator reached a decision with regard to the expenses that were not agreed to under the stipulated order. The arbitrator's decision required Mesaros to pay for certain tutoring expenses, other educational expenses, extracurricular expenses, health insurance premiums, and uninsured medical expenses for the child.

3

On September 13, 2019, Mesaros filed a motion in the superior court in which he requested, among other things, the entry of a final order of child support. In this motion, Mesaros challenged the arbitrator's decision insofar as it required Mesaros to pay for certain uninsured medical expenses, tutoring expenses, and other educational expenses for the child.[4]

On October 4, 2019, the superior court entered an order denying Mesaros's motion to enter a final order of child support. In so doing, the superior court reasoned that Mesaros's requested modifications of the arbitrator's decision "exceeds the agreement of the parties as ordered March 1, 2019 and is an attempt to obtain a de novo review of the arbitration decision." The superior court also explained that, pursuant to the stipulated order entered on March 1, 2019, "[t]he parties agreed to present an agreed order on child support and have failed to follow their own agreement." Finally, the superior court concluded that "[t]he parties have not complied with the March 1, 2019 court ordered agreement" and that "[t]he foregoing facts leads to the conclusion that this matter should be tried to a judicial officer."

On November 8, 2019, Mesaros filed a motion for de novo review of the arbitration's decision. The superior court heard Mesaros's motion on August 24, 2020. During the hearing, Mesaros's counsel requested the superior court to enter both a final order of child support and a final order on modification pursuant to Mesaros's June 28, 2018 motion to modify the 2014 child support order.

---

[4] Attached to this motion were various personal medical and health records regarding the child. Between September 2019 and October 2020, the parties filed three motions to seal these documents. Ultimately, on November 6, 2020, the superior court entered an order sealing these documents.

On November 6, 2020, the superior court entered a final child support order and a final order on Mesaros's June 28, 2018 motion to modify the 2014 child support order.

In its final child support order, the superior court ordered Mesaros to pay his proportionate share of tutoring expenses, other educational expenses, extracurricular expenses, health insurance premiums, and uninsured medical expenses in accordance with the amounts imposed by the arbitrator.

In its final order on Mesaros's motion to modify the 2014 child support order, the superior court modified the amount that Mesaros was required to pay Pierce each month in child support to reflect the amount imposed by the March 1, 2019 stipulated order. Accordingly, the superior court's final child support order provided that Mesaros was required to pay Pierce $732.07 per month for child support.

Also in its final order on Mesaros's motion to modify the 2014 child support order, the superior court determined that Pierce was entitled to an award of attorney fees and costs. The superior court set forth two bases for this award. First, the superior court reasoned that Mesaros "has repeatedly made errors in procedure that amount to intransigence." Second, the superior court reasoned that Pierce "is also entitled to attorney fees pursuant to RCW 26.18.160."

On December 1, 2020, Pierce filed a motion for an award of attorney fees and costs. On February 16, 2021, the superior court entered an order awarding Pierce $29,781 in attorney fees and $483.75 in costs against Mesaros. In so

doing, the superior court reiterated that Pierce "is entitled to attorney's fees and costs based on [Mesaros's] intransigence and based on RCW 26.18.160."

Mesaros appeals.

II

Mesaros first contends that the superior court erred by awarding Pierce attorney fees and costs. This is so, Mesaros asserts, because there was no basis to award attorney fees and costs either pursuant to RCW 26.18.160 or as a result of intransigence. Because the award of attorney fees and costs was authorized pursuant to RCW 26.18.160, we disagree.

We apply a two-part review of an award of attorney fees entered by the superior court: "(1) we review de novo whether there is a legal basis for awarding attorney fees by statute, under contract, or in equity and (2) we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion." Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). Additionally, "[w]e may sustain the trial court's judgment upon any theory established by the pleadings and supported by the proof." Wendle v. Farrow, 102 Wn.2d 380, 382, 686 P.2d 480 (1984).

RCW 26.18.160 provides:

In any action to enforce a support or maintenance order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees. An obligor may not be considered a prevailing party under this section unless the obligee has acted in bad faith in connection with the proceeding in question.

RCW 26.18.160 does not authorize an award of attorney fees and costs to the prevailing party in a modification action. In re Marriage of Dortch, 59 Wn.

App. 773, 781, 801 P.2d 279 (1990); In re Marriage of Oblizalo, 54 Wn. App. 800, 805-06, 776 P.2d 166 (1989); In re Marriage of Belsby, 51 Wn. App. 711, 718-19, 754 P.2d 1269 (1988).  However, under this statute, an award of attorney fees and costs to the prevailing party in an action to enforce a child support order is mandatory.  In re Marriage of Logg, 74 Wn. App. 781, 786, 875 P.2d 647 (1994).

Here, the action before the superior court was an action to enforce a child support order.  Indeed, the parties agree that, on May 25, 2018, Pierce filed a motion for contempt against Mesaros in which she sought enforcement of the 2014 child support order.  Although the superior court did not find that the circumstances warranted a finding that Mesaros was in contempt, the court determined that Pierce "is entitled to a judgment."

Subsequently, the parties entered into an agreement to settle on certain child support and child care expenses and, on March 1, 2019, the superior court entered a stipulated order.  This order provided that Mesaros was required to pay Pierce $110,000 to "fully satisfy all past child support and past-due child care expenses owed by [Mesaros] to [Pierce] through January 31, 2019."  Additionally, the order reduced the amount that Mesaros was required to pay Pierce for child support from over $2,000 per month to $732.07 per month.

Notably, this stipulated order also provided that "[t]he remaining terms of the Order of Child Support are not agreed to and shall be decided upon in binding arbitration."  The decision that was subsequently reached by the arbitrator required Mesaros to pay for certain tutoring expenses, other

7

educational expenses, extracurricular expenses, health insurance premiums, and uninsured medical expenses for the child.

After Mesaros sought de novo review of the arbitrator's decision, the superior court entered a final child support order under which Mesaros was required to pay Pierce for tutoring expenses, other educational expenses, extracurricular expenses, health insurance premiums, and uninsured medical expenses in accordance with the amounts imposed by the arbitrator. This order also modified the amount that Mesaros was required to pay Pierce for monthly child support payments to $732.07 to reflect the amount agreed to pursuant to the March 1, 2019 stipulated order.

Mesaros contends that RCW 26.18.160 did not authorize an award of attorney fees and costs because "the action before the Court was the Father's Petition to Modify Child Support, filed back on June 28, 2018."[5] However, this argument fails to recognize that, before Mesaros filed his motion to modify the child support order, Pierce filed a motion for contempt in which she sought enforcement of the 2014 child support order. Both because the action before the superior court began with Pierce's motion for contempt in which she sought enforcement of the 2014 child support order and because the superior court, in ruling on this motion, determined that Pierce was "entitled to a judgment," the overall nature of the action was an enforcement action.

Mesaros additionally asserts that the superior court erred by awarding Pierce attorney fees and costs pursuant to RCW 26.18.160 because he, rather

---

[5] Br. of Appellant at 36.

than Pierce, prevailed in the superior court. This is so, according to Mesaros, because he prevailed by reducing his monthly child support payments to $732.07. However, pursuant to the stipulated order, Mesaros was required to pay Pierce $110,000 to satisfy past-due child support and child care expenses. Additionally, the final child support order required Mesaros to pay Pierce for tutoring expenses, other educational expenses, extracurricular expenses, health insurance premiums, and uninsured medical expenses in accordance with the amounts imposed by the arbitrator. Therefore, Pierce substantially prevailed in the action to enforce Mesaros's child support obligations.

Accordingly, the superior court did not err by concluding that Pierce was entitled to an award of attorney fees and costs pursuant to RCW 26.18.160.[6]

III

Mesaros next contends that the superior court erred by ordering him to pay his proportionate share of certain uninsured medical expenses for the child. This is so, according to Mesaros, because these uninsured medical expenses were not reasonable and necessary. Again, we disagree.

We review a trial court's decision regarding amounts required for child support beyond the basic support obligation for abuse of discretion. In re

---

[6] Mesaros's opening brief provides that "[t]he trial court found two bases for a fee award to the Mother in its Order on Modification, one of which was RCW 26.18.160." Br. of Appellant at 35. Because the superior court's award of attorney fees and costs was authorized pursuant to RCW 26.18.160, we need not address Mesaros's arguments with regard to whether this award was also authorized as a result of Mesaros's intransigence.

We also note that Mesaros contends that the superior court, in entering its award of attorney fees and costs, failed to segregate those fees and costs resulting from intransigence from those imposed pursuant to RCW 26.18.160. Because the entire award of attorney fees and costs that was imposed by the superior court reasonably encompassed fees and costs that were incurred by Pierce in the overall action to enforce Mesaros's child support obligations, Mesaros is not entitled to appellate relief on this claim.

9

Marriage of Mattson, 95 Wn. App. 592, 599, 976 P.2d 157 (1999). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. In re Marriage of Fiorito, 112 Wn. App. 657, 663-64, 50 P.3d 298 (2002).

Extraordinary health care expenses are an additional amount of child support to be apportioned between the parents. RCW 26.19.080(2). Furthermore, trial courts have the discretion to determine the reasonableness and necessity of extraordinary expenses. RCW 26.19.080(4). "Child support is designed with the primary goal of preventing a harmful reduction in a child's standard of living, in the best interests of children whose parents are divorced." Mattson, 95 Wn. App. at 599-600. "In light of this important legislative goal, we interpret the terms 'necessary and reasonable expenses' . . . in a manner that serves the best interests of children." Mattson, 95 Wn. App. at 600.

The final child support order required Mesaros to pay his proportionate share of uninsured medical expenses. With regard to the particular medical expenses that Mesaros contests on appeal, the order provided that "if the father's proportionate share of said costs exceeds $5,000 in a calendar year . . . then the father has the right to seek review of these costs."

Mesaros contends that the superior court erred by ordering him to pay for the contested medical expenses because an insurance provider declined to cover these expenses and concluded that the health care services associated with these expenses were "not medically necessary." However, the record before the superior court included a letter submitted by the medical doctor who

provided medical treatment to the child. In this letter, the medical doctor opined that the child required the health care services associated with the contested medical expenses in order to complete treatment. Thus, the record contains ample evidence to support a determination that the treatment associated with the contested medical expenses served the best interests of the child.

Accordingly, the superior court did not err by requiring Mesaros to pay his proportionate share of the contested medical expenses.[7]

IV

Mesaros finally contends that the superior court erred by requiring him to pay his proportionate share of certain tutoring expenses for the child. Because the record demonstrates that these expenses were reasonable and necessary, we again disagree.

The final child support order provided that, "[s]tarting July 1, 2019 through February 1, 2020, [Mesaros] shall pay $800.52 per month to cover the cost of Spring Academy incurred during the summer of 2019."

A report drafted by the child's psychologist, which was filed in the superior court, stated that the child has certain medical conditions that hindered the child's ability learn in an academic setting. Another report from the same psychologist

---

[7] Mesaros also asserts that the treatment associated with the contested medical expenses is "contrary to the Father's religious beliefs." Br. of Appellant at 48. However, "First Amendment rights are not absolute and may be limited in the family law context." In re Marriage of Olson, 69 Wn. App. 621, 628, 850 P.2d 527 (1993). Furthermore, in determining whether extraordinary expenses are reasonable and necessary, courts look to whether the expenses serve the best interests of the child. See Mattson, 95 Wn. App. at 600. As already explained, the letter from the child's medical doctor indicates that the contested health care served the best interests of the child. Therefore, Mesaros fails to establish that the superior court erred by ordering him to pay his proportionate share of the contested medical expenses.

provided that the child would benefit from significant modifications to the support that the child was receiving in school. Furthermore, a declaration of Pierce stated that, once the child received tutoring through Spring Academy, the child's performance in classes in which the child had previously struggled resulted in an increase in the child's performance in those classes. Thus, the record supports a finding that the tutoring expenses were reasonable and necessary.

Accordingly, the superior court did not err by ordering Mesaros to pay his proportionate share of these tutoring expenses.

V

Pierce requests an award of attorney fees on appeal pursuant to RCW 26.18.160 and RAP 18.1. Because Pierce is a prevailing party, she is entitled to an award of reasonable attorney fees and costs on appeal under RCW 26.18.160.[8] See In re Paternity of M.H., 187 Wn.2d 1, 13, 383 P.3d 1031 (2016) (holding that, under RCW 26.18.160, the prevailing party is entitled to an award of attorney fees and costs on appeal).

---

[8] In her response brief, Pierce contends that the superior court erred by not imposing additional awards of attorney fees against Mesaros pursuant to SCCAR 7.3 and CR 11. To this end, Pierce requests that we remand the cause to the superior court for the entry of additional awards of attorney fees pursuant to these authorities. However, because Pierce did not cross-appeal from the superior court's award of attorney fees and costs, we deny this request for affirmative relief. See RAP 2.4(a); Modumetal, Inc. v. Xtalic Corp., 4 Wn. App. 2d 810, 834-35, 425 P.3d 871 (2018) ("[N]otice of cross-review is essential if the respondent 'seeks affirmative relief as distinguished from the urging of additional grounds for affirmance.'" (internal quotation marks omitted) (quoting State v. Sims, 171 Wn.2d 436, 442-43, 256 P.3d 285 (2011))).

Next, Pierce asserts that she is entitled to an award of attorney fees on appeal pursuant to SCCAR 7.3 and GR 22(g)(4) and as a result of Mesaros's intransigence in the superior court. We decline to award Pierce attorney fees on these bases.

Finally, in his reply brief, Mesaros requests that we strike the portions of Pierce's response brief in which Pierce seeks additional awards of attorney fees pursuant to SCCAR 7.3 and CR 11. We deny this request.

No. 82174-1-I/13

Affirmed.

_Dwyer, J._

WE CONCUR:

_Verellen, J._          _Appelwick, J._

13