247 P.3d 466 (2011)
In re the MARRIAGE OF Christine L. BROWN (kna McCauley), Respondent, and
Fred F. Brown, Appellant.
No. 64834-9-I.
Court of Appeals of Washington, Division 1.
February 7, 2011.
*467 Fred Franklin Brown, (Appearing Pro Se), Issaquah, WA, for Appellant.
Michael Dean Mallory, Attorney at Law, Everett, WA, for Respondent.
David S. Orr, Snohomish Co. Pros. Office, Everett, WA, for Other Parties.
LAU, J.
¶ 1 Fred Brown appeals the trial court's denial of an award of fees and costs in a trial de novo appeal of a mandatory arbitration decision on spousal maintenance. Because recent amendments to the mandatory arbitration of civil actions statute, chapter 7.06 RCW make such an award mandatory "against a party who appeals the award and fails to improve his or her position on the trial de novo," we reverse and remand for an award of attorney fees and costs to Brown.

FACTS
¶ 2 The facts are undisputed. Fred Brown and Christine McCauley (formerly known as Brown) were married. They had a legal separation trial in November 2004 and were later granted a dissolution in June 2005. The separation decree required Brown to make maintenance and child support payments. In November 2006, Brown moved to terminate spousal maintenance. The court referred the motion to arbitration under Snohomish County Local Mandatory Arbitration Rule 1.2. The arbitrator made an award on May 11, 2007, and McCauley requested a trial de novo from the award.
¶ 3 At the conclusion of the trial de novo, the trial court found that McCauley had failed to improve her position from the arbitration award, noting, "There is no argument to the contrary." Nevertheless, the trial court declined to award Brown attorney fees. Brown moved for reconsideration, arguing that under RCW 7.06.060(1), fees were mandatory "against a party who appeals the award and fails to improve his or her position on the trial de novo." The trial court rejected that argument in a memorandum opinion denying reconsideration. It found that RCW 26.09.140, which provides for a discretionary award of fees, was a more specific statute and thus controlled the fees and costs issue. The court ruled,
Where a general statute includes the same matter as a specific statute and the two cannot be harmonized, the specific statute will prevail over the general. [citation omitted].
Consideration of the above leads the Court to conclude that the more specific statute, RCW 26.09.140, should govern the award of fees and costs in instances where a motion brought under those statutes is submitted to arbitration, a trial de novo held, and the party appealing the arbitration decision does not better his/her position, as in the instant case. Support for this approach is found in the footnote at page 806, in In re Marriage of Leslie, 90 *468 Wash.App. 796, 954 P.2d 330 (1998), where the court said, in deciding whether to give effect to RCW 26.09.140 over a conflicting [mandatory arbitration rule]:
Our decision is also furthered by public policy. Mandating costs and attorney fees for all cases where a parent is unable to secure a better result upon de novo review has the potential to work an economic hardship on a custodial parent. This supports granting the court wide latitude in determining the appropriateness of such awards only after considering both parties['] financial resources and balancing the requesting parent's need against the other's ability to pay.
(Citation omitted.)
¶ 4 Brown was represented by counsel at the arbitration and trial de novo. He was "pro se for post-trial de novo order writing and motions." Br. of Appellant at 2. He also appears pro se on appeal.

DISCUSSION

Fees at Trial De Novo
¶ 5 This appeal requires us to decide which of two statutesthe marriage dissolution costs and fees statute (RCW 26.09.140) or the arbitration costs and fees statute (RCW 7.06.060)controls the award of costs and fees following an arbitration trial de novo under RCW 7.06.050 involving a dispute over spousal maintenance. Brown first argues that based on the statutory scheme of chapter 7.06 RCW and the legislature's recent amendments to RCW 7.06.060, that section controls the award of attorney fees in a trial de novo from an arbitration award. He also argues that RCW 7.06.060 should control because it is the more specific statute. McCauley counters that RCW 26.09.140, which is applicable only to family law cases, is more specific and thus controlling. She also relies on our decision in Leslie v. Verhey, 90 Wash. App. 796, 954 P.2d 330 (1998).
¶ 6 In construing statutes, we seek to give effect to legislative intent. Accordingly, "[t]o resolve apparent conflicts between statutes, courts generally give preference to the more specific and more recently enacted statute." Tunstall v. Bergeson, 141 Wash.2d 201, 211, 5 P.3d 691 (2000). "As part of this inquiry, the court may look to the statute's context, related provisions, and the statutory scheme as a whole." In re Dependency of M.S., 156 Wash.App. 907, 913, 236 P.3d 214 (2010). We review questions of statutory construction de novo. Berrocal v. Fernandez, 155 Wash.2d 585, 590, 121 P.3d 82 (2005).
¶ 7 RCW 26.09.140 makes an award of attorney fees in a marital dissolution proceeding discretionary.
The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.
By contrast, the arbitration costs and fees statute, RCW 7.06.060, makes an award of fees mandatory "against a party who appeals the award and fails to improve his or her position on the trial de novo."
(1) The superior court shall assess costs and reasonable attorneys' fees against a party who appeals the award and fails to improve his or her position on the trial de novo. The court may assess costs and reasonable attorneys' fees against a party who voluntarily withdraws a request for a trial de novo if the withdrawal is not requested in conjunction with the acceptance of an offer of compromise.
(Emphasis added.)
¶ 8 In Leslie, we addressed a similar conflict between the mandatory arbitration rules and RCW 26.09.140. There, the respondent in the trial de novo, who successfully maintained his position, sought attorney fees under Mandatory Arbitration Rule 7.3, which provided in part, "The court shall assess costs and reasonable attorney fees against a party who appeals the [arbitration] award and fails to improve the party's position on the trial de novo." We reasoned that between *469 a statute and a court rule, "[t]he statute prevails if the right is substantive, while the court rule prevails if the right is procedural." Leslie, 90 Wash.App. at 806, 954 P.2d 330. We held, "[A] judgment against a party to pay costs and attorney fees affects substantive rights. Thus, we find RCW 26.09.140 must prevail over the conflicting attorney fee provision of MAR 7.3." Leslie, 90 Wash.App. at 806, 954 P.2d 330. We also observed in a footnote that policy considerations supported our decision.
Our decision is also furthered by public policy. Mandating costs and attorney fees for all cases where a parent is unable to secure a better result upon de novo review has the potential to work an economic hardship on a custodial parent. This supports granting the court wide latitude in determining the appropriateness of such awards only after considering both parties financial resources and balancing the requesting parent's need against the other's ability to pay.
Leslie, 90 Wash.App. at 806 n. 2, 954 P.2d 330.
¶ 9 Since Leslie, the legislature amended several provisions of chapter 7.06 RCW. First, it altered RCW 7.06.060.
Sec. 2. RCW 7.06.060 and 1979 c103 s 6 are each amended to read as follows:

(1) The ((supreme)) superior court ((may by rule provide for)) shall assess costs and reasonable attorney's fees ((that may be assessed)) against a party ((appealing from)) who appeals the award ((who)) and fails to improve his or her position on the trial de novo. . . .
Laws of 2002 ch. 339, § 2(1) (effective July 13, 2002). Unlike in Leslie, this case presents a conflict between two statutes rather than a court rule and a statute. Thus, we find McCauley's reliance on Leslie unpersuasive.
¶ 10 We first consider the statutory scheme as a whole. The legislature made clear that "RCW . . . 7.06.060 appl[ies] to all requests for a trial de novo filed pursuant to and in appeal of an arbitrator's decision and filed on or after June 13, 2002." RCW 7.06.080 (emphasis added). RCW 7.06.020 further indicates that the legislature specifically intended that the arbitration statute and thus its fees provisionwould apply to the spousal maintenance context. That section reads,
(2) If approved by majority vote of the superior court judges of a county which has authorized arbitration, all civil actions which are at issue in the superior court in which the sole relief sought is the establishment, termination or modification of maintenance or child support payments are subject to mandatory arbitration. The arbitrability of any such action shall not be affected by the amount or number of payments involved.
(Emphasis added.) The parties do not dispute that Snohomish County has so approved modification of spousal maintenance for arbitration.
¶ 11 And a 2005 amendment to RCW 7.06.020 makes clear that the legislature specifically considered and decided that arbitration would apply to spousal maintenance actions even after the 2002 amendment to the fees provision: "Section 2 of [RCW 7.06.020] applies to any case in which a notice of arbitrability is filed on or after the effective date of this act." Laws of 2005, ch. 472, § 3 (emphasis added). The legislature could have provided an exception to the arbitration fees provision, but it chose not to do so. Furthermore, it specifically provided in the amendments to RCW 7.06.020 that arbitrationand by logical extension, the arbitration fees provisionapplies to spousal maintenance modification actions.
¶ 12 Read as a whole, the arbitration statute requires an award of attorney fees and costs "against a party who appeals the award and fails to improve his or her position on the trial de novo." RCW 7.06.060. McCauley concedes that she did not improve her position in the trial de novo. The trial court therefore erred in declining to award fees and costs to Brown.
¶ 13 We next address the rule relied principally on by both parties and the trial courtwhere a general statute includes the same matter as a specific statute and the two cannot be harmonized, the specific statute prevails over the general. But the rule's *470 application here is questionable because neither statute is clearly more general or specific than the other. For example, RCW 26.09.140 applies solely to the dissolution context and is arguably more specific than RCW 7.06.060. But it is also the more general of the two statutes because it allows fees for "any proceeding under this chapter."

Fees for Pro Se Appearances
¶ 14 Brown also requests a fee award for his pro se appearances posttrial and on appeal. Brown relies on abrogated or irrelevant federal case law to support his argument. And he provides no Washington authority that supports a fee award for a pro se litigant. We previously explained that lawyers who incur fees representing themselves should be awarded attorney fees where fees are otherwise justified because they must take time from their practices to prepare and appear as any other lawyer would. Leen v. Demopolis, 62 Wash.App. 473, 486-87, 815 P.2d 269 (1991). But no Washington case extends this reasoning to a nonlawyer pro se litigant. Brown has not established that he is entitled to a fee award on appeal or for his posttrial de novo pro se motions practice.
¶ 15 Based on the above discussion, we conclude that Brown is entitled to an award of costs and attorney fees under RCW 7.06.060. We reverse and remand to the trial court to award costs and fees consistent with this opinion.
WE CONCUR: DWYER, C.J., and APPELWICK, J.