## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| VICTOR GHIGLERI, | No. 49948-7-II |
| Appellant. | |
| v. | |
| MARGARET GHIGLERI, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, A.C.J. – Victor Ghigleri appeals from the trial court's order, denying his motion to revise a decision by a superior court commissioner granting Margaret Ghigleri's petition for modification of child support for postsecondary educational support. Victor contends (1) the trial court erred in ordering him to pay postsecondary educational support for his daughter, Amanda Ghigleri, because the facts do not show that she is dependent and has actual need; (2) the trial court erred by not considering Victor's income, his ability to provide for the other children, and the cost of attending a public university in ordering him to pay postsecondary educational support for his daughter, Joy Ghigleri, at a private university; and (3) the trial court erred by not limiting the total postsecondary educational support to 45 percent of Victor's income as set forth in RCW 26.19.065(1). We affirm.

FACTS

The parties were married in 1993 and separated in 2013. They have 8 children: Amanda, Benjamin, Joy, J.G, C.G., G.G., P.G., and N.G.[1] In 2015, the trial court ordered Victor to pay $3,001 per month in child support to Margaret and $300 per month to Washington State University as postsecondary educational support for Amanda.

In June 2016, Margaret petitioned for modification, alleging that one of the children (G.G.) had reached the age of 12 and needed more child support, and a substantial change in circumstances would soon occur when Benjamin and Joy graduated from high school and began attending college. During the modification proceedings, Amanda provided a declaration stating that she had transferred to Western Washington University and was currently a full-time student pursuing joint degrees. Although she worked to help provide for her education, Amanda declared that she was still dependent on parental support. Joy also provided a declaration, stating that she was a theater major at Pacific Lutheran University (PLU), a private university. She declared that the total cost for one year of college was $54,668.75, but after financial aid and scholarships, her responsibility was "about $12,000." Clerk's Papers (CP) at 71. In response to Margaret's petition for modification, Victor asked the court to "[c]hange Amanda's post-secondary support award." CP at 34.

A superior court commissioner granted Margaret's petition and entered a new child support order, ordering Victor to pay Margaret $2,249 per month in child support for J.G., C.G., G.G.,

---

[1] Since all individuals involved in this matter share the same last name, we use the first names of the adults for clarity and initials for the minor children for anonymity. We intend no disrespect.

P.G., and N.G., and to continue to pay $300 per month in postsecondary educational support for Amanda. The commissioner also ordered Victor to pay 80 percent of Joy's postsecondary educational costs and Margaret to pay 20 percent; not to exceed a combined payment of $10,000 per academic year. The commissioner did not order postsecondary educational support for Benjamin.

Victor filed a motion for revision of the commissioner's order. The trial court denied the motion, stating that the order was denied "based on the evidence . . . and the statutory factors in RCW 26.19.065 and RCW 26.19.090." CP at 102. In its oral ruling, the trial court stated that the cost of Joy's education was "over $50,000" annually, but "that's been substantially reduced in many instances by Joy herself taking on a job, getting partial scholarships, [and] getting a grant." Verbatim Report of Proceedings (VRP) (January 27, 2017) at 13.

The trial court subsequently entered written findings of fact and conclusions of law upon remand from this court. Relevant to this appeal, the trial court found:

> **6.     Should the court modify post-secondary educational support?**
>
> **- For Amanda: Re:  Amount of PSS** [post-secondary support]**. -** No, amount of $300 remains. Judge Orlando's order, entered July 10, 2015, remains in effect.
>
> **Re: Destination of PSS payments - Yes.** Amanda has transferred to a new educational institution. Payments should be made to the current institution or to Amanda directly.
>
> . . . .
>
> **- For Joy: Yes. Issue was reserved.** The current order allows a parent/custodian to ask the court for post-secondary support at a later date. Joy is 18 years old, a student at Pacific Lutheran University, dependent upon her parents for the reasonable necessities of life. The court has considered the

3

> evidence, and the factors in RCW 26.19.090(2), and decided that post-secondary support should be ordered as written in the new *Child Support Order*.
>
> . . . .
>
> **11.    Other findings, if any**
>
> Based on a review of the evidence and in consideration of the statutory factors in RCW 26.19.065 the Court finds that there is good cause to exceed the 45% guideline of net income in this particular circumstance. This is a large family with children who have educational need. The best interests of the children and the circumstances of each parent have been taken into consideration. The Court finds that the Petitioner, who has a high income to expense ratio, and minimal debt, has the financial where-with-all to meet his child support/postsecondary support obligations, without experiencing undue hardship.

CP at 326-27.

Victor appeals.

ANALYSIS

Victor argues that the trial court erred in denying his motion to revise a commissioner's order requiring him to pay postsecondary educational support for Amanda because the facts do not show that she is dependent and has actual need, and in ordering him to pay postsecondary educational support for Joy at a private university. Victor also argues that the court erred by not limiting the postsecondary educational support to 45 percent of his income. We disagree.

A.    STANDARD OF REVIEW

"We review child support modifications and adjustments for abuse of discretion." *In re Marriage of Ayyad*, 110 Wn. App. 462, 467, 38 P.3d 1033, *review denied*, 147 Wn.2d 1006 (2002). We will not substitute our judgment for that of the trial court unless the trial court's decision rests on unreasonable or untenable grounds. *In re Marriage of Leslie*, 90 Wn. App. 796, 802-03, 954

4

P.2d 330 (1998). *review denied*, 137 Wn.2d 1003 (1999). In reviewing whether there was an abuse of discretion on a motion for revision, we review the superior court's ruling, not the commissioner's. RCW 2.24.050; *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). The superior court is "authorized to determine its own facts based on the record before the commissioner." *In re Marriage of Dodd*, 120 Wn. App. 638, 644, 86 P.3d 801 (2004). We will not disturb findings of fact supported by substantial evidence, i.e., evidence sufficient to persuade a rational person of the truth of the premise. *In re Marriage of Lutz*, 74 Wn. App. 356, 370, 873 P.2d 566 (1994). "Inadequate written findings may be supplemented by the trial court's oral decision." *In re Marriage of Lawrence*, 105 Wn. App. 683, 686, 20 P.3d 972 (2001).

B.     POSTSECONDARY EDUCATIONAL SUPPORT FOR AMANDA

As an initial matter, Margaret argues Victor cannot challenge Amanda's postsecondary educational support on appeal because he did not make the challenge below. We disagree.

In response to Margaret's petition for modification, Victor asked the court to "[c]hange Amanda's post-secondary support award." CP at 34. And the trial court's Finding of Fact No. 6 clearly states that trial court considered whether to modify the postsecondary educational support for Amanda. The trial court considered whether to modify and answered, "No." CP at 326. Therefore, this issue was properly raised below and is properly before this court.

RCW 26.19.090(2) outlines the standard for awarding postsecondary educational support. It requires the court to "determine whether the child is in fact dependent and is relying upon the parents for the reasonable necessities of life." Whether a child is dependent is a matter within the trial court's discretion. *In re Marriage of Belsby*, 51 Wn. App. 711, 716, 754 P.2d 1269 (1988).

In considering whether and how long to award postsecondary educational support, the court must also consider the following non-exclusive factors:

> Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources . . . [and] the amount and type of support that the child would have been afforded if the parents had stayed together.

RCW 26.19.090(2). As long as the court considers the relevant factors set forth in RCW 26.19.090(2) for determining postsecondary support, it does not abuse its discretion. *In re Marriage of Kelly*, 85 Wn. App. 785, 792-93, 934 P.2d 1218, *review denied*, 133 Wn.2d 1024 (1997).

Here, in its order denying revision, the trial court stated that it reviewed "the statutory factors in . . . RCW 26.19.090." CP at 102. Additionally, during the modification proceedings, Amanda provided a declaration stating that she was a full-time student at Western Washington University pursuing joint degrees. Although she worked to help provide for her education, she was still dependent on parental support.

Because the trial court considered the RCW 26.19.090(2) factors in deciding whether to revise the commissioner's modification of the 2015 support order and substantial evidence shows Amanda is still a dependent, full-time college student, the trial court's decision rests on reasonable grounds. Thus, trial court did not abuse its discretion in denying Victor's motion to revise the commissioner's order requiring postsecondary educational support for Amanda.

C.       POSTSECONDARY EDUCATIONAL SUPPORT FOR JOY

As discussed above, the trial court considers many factors in deciding whether and how long to award postsecondary support. RCW 26.19.090(2). Victor argues the trial court did not consider his income, his ability to provide for the other children, and the cost of attending a public university versus a private university in ordering him to pay postsecondary educational support for Joy. We disagree.

In Finding of Fact No. 6, the trial court expressly stated that it considered "the evidence, and the factors in RCW 26.19.090(2)." CP at 326. This means that the court considered "the expectations of the parties for their children . . . the child's prospects, desires, aptitudes, abilities . . . the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources." RCW 26.19.090(2). And the Child Support Order states that Victor's net monthly income was $6,012 per month and that he had a support obligation to five children. This clearly shows the trial court took into consideration Victor's income and the number of children he is required to support in additional to those children in college. Thus, Victor's argument fails.

Turning to Victor's argument that the trial court failed to consider the cost of a public school versus a private school, this court held in *Sprute v. Bradley*, 186 Wn. App. 342, 356, 344 P.3d 730 (2015) that there is no "cap" on postsecondary educational support, limiting postsecondary educational support to the cost of a public school. *Sprute* relied on *In re Marriage of Stern*, 57 Wn. App. 707, 717-20, 789 P.2d 807, *review denied*, 115 Wn.2d 1013 (1990) where Division One of this court held that a trial court abused its discretion when it ordered a father to

pay an income-proportionate share of his minor children's private school education expenses. However, *Stern* cautioned that its holding was not a "per se prohibition against the award of private school tuition for a minor child." *Id.* at 720. *Stern* recognized that there may be "legitimate reasons to award private school tuition expenses in favor of the custodial parent." *Id.*

Here, in its oral ruling, the trial court noted that the cost of Joy's education was "over $50,000" annually, but "that's been substantially reduced in many instances by Joy herself taking on a job, getting partial scholarships, [and] getting a grant." VRP (January 27, 2017) at 13. And, contrary to Victor's assertion, the trial court considered many factors in determining postsecondary educational support for Joy at a private university. This included the resources of the parents, the number of children in the family, Joy's major, and the scholarships and financial aid she was awarded. Based on these factors, the trial court had tenable grounds to decline revising the commissioner's award of postsecondary educational support for Joy. Thus, the trial court did not abuse its discretion.

D.      45 PERCENT CAP

RCW 26.19.065(1) provides, "Neither parent's child support obligation owed for all his or her biological or legal children may exceed forty-five percent of net income except for good cause shown." The statute defines "good cause" as "possession of substantial wealth, children with day care expenses, special medical need, educational need, psychological need, and larger families." RCW 26.19.065(1)(c).

8

Victor argues the trial court "made no effort to evaluate the facts of the case for good cause." Br. of Appellant at 16. However, the trial court expressly stated in Finding of Fact No. 11 that it reviewed the evidence and the statutory factors in RCW 26.19.065 and found "there is good cause to exceed the 45% guideline of net income in this particular circumstance." CP at 327. The court further found:

> This is a large family with children who have educational need. The best interests of the children and the circumstances of each parent have been taken into consideration. The Court finds that the Petitioner, who has a high income to expense ratio, and minimal debt, has the financial where-with-all to meet his child support/postsecondary support obligations, without experiencing undue hardship.

CP at 327.

Based on the above, the trial court properly considered whether good cause existed as required by RCW 26.19.065(1) in deciding that Victor's support obligation may exceed 45 percent of his net income.[2] Moreover, substantial evidence supports the trial court's good cause finding given the size of the family and the parties' financial situations. Thus, Victor's argument fails.

E.     ATTORNEY FEES

Margaret seeks attorney fees under RCW 26.09.140 and RAP 18.1(a), which authorizes the appellate court to order one party to pay the other's reasonable attorney fees based on the requesting party's demonstrated financial need and the other party's ability to pay. However, a

---

[2] Victor raises new arguments in his reply brief regarding whether the trial court used the correct support table columns in calculating support and whether Margaret's income was imputed correctly based on Washington's new minimum wage laws. Issues may not be raised for the first time in a reply brief. Therefore, we decline to reach these issues. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

No. 49948-7-II

pro se litigant is generally not entitled to attorney fees. *In re Marriage of Brown*, 159 Wn. App. 931, 938-39, 247 P.3d 466 (2011). Thus, we deny Margaret's request.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, A.C.J.

We concur:

Worswick, J.

Melnick, J.