IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of<br>DAPHNE SUMPTER,<br><br>                       Respondent,<br><br>        and<br><br>JOHN GAVIN SUMPTER,<br><br>                       Appellant. | No. 84839-9-I<br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — John Sumpter challenges several trial court orders following the dissolution of his marriage with Daphne Sumpter. We dismiss his appeal under RAP 10.3(a)(6) for failure to provide argument with citations to the record and legal authority and deny Daphne's[1] request for attorney fees and costs.

## FACTS

John and Daphne married in Bellevue in April 1998 and had two children. In March 2017, the parties separated. Daphne then petitioned for dissolution. And in August 2020, the case proceeded to trial.[2]

On the first day of trial, John notified the court that he filed for bankruptcy under 11 U.S.C. Chapter 13, which triggered an automatic stay on any division of

---

[1] We refer to John and Daphne Sumpter by their first names when necessary for clarity and mean no disrespect by doing so.

[2] Both children had reached the age of majority by the time of trial.

assets and debts in the dissolution proceeding. For that reason, the court bifurcated the dissolution trial. The first phase resolved parenting and child support issues. In October 2020, the court entered findings of fact and conclusions of law and a child support order.

In November 2020, the bankruptcy court dismissed John's petition. Then, in March 2021, the trial court held the second phase of the dissolution trial regarding property distribution and debt. And on May 13, 2021, it entered a final dissolution decree and supplemental dissolution findings of fact and conclusions of law. The court found its "ability to determine the nature and extent of the property was obstructed by [John]'s intransigence, historical disregard for the rules of discovery, and consequent sanctions." Still, the trial court distributed the parties' assets and liabilities and awarded Daphne attorney fees. The final order resulted in a cash payment from Daphne to John of $80,132.52.

In May 2021, Daphne moved for reconsideration of the court's final order. She asked the court to enter a judgment for the cash payment as it would allow her more time to satisfy the obligation. The next month, after a hearing, the court granted Daphne's motion, stating it "will enter a judgment in the amount [Daphne] owes [John] after that amount has been determined pursuant to the processes described in [its May 2021 final orders]." On November 23, 2022, the court entered findings, an order, and judgment for Daphne in the amount of $24,100.65.

John appeals several of the trial court's orders.

2

ANALYSIS

Representing himself on appeal, John challenges the trial court's home equity line of credit calculation, medical expenses calculation, and failure to deduct certain medical and education reimbursements in the November 2022 findings, order, and judgment. He also challenges the child support orders, the home appraisal, and the court's "prohibition of additional evidence" at trial. Daphne, who also represents herself on appeal, argues that we cannot consider John's appeal because it lacks citations to the record and legal authority.[3] We agree with Daphne.

RAP 10.3(a)(6) directs an appellant or petitioner to provide a brief that contains "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." When an appellant fails to present developed argument for our consideration on appeal, we do not address his challenge. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012); *see also Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

John fails to support his arguments with any reference to the record or any citation to authority. And while we recognize John is a pro se litigant, we hold pro se litigants to the same standards as attorneys. *In re Est. of Little*, 9 Wn. App. 2d

---

[3] Daphne also argues that John's appeal is untimely. Because we dismiss for lack of sufficient argument, we need not address timeliness.

262, 274 n.4, 444 P.3d 23 (2019). Accordingly, we do not address his challenges.

Daphne seeks attorney fees and costs under RAP 18.1(a) and RCW 26.09.140 "for having to defend against this appeal." Because Daphne appears pro se, she is not entitled to attorney fees. *In re Marriage of Brown*, 159 Wn. App. 931, 938-39, 247 P.3d 466 (2011). So, we deny her request.

We dismiss John's appeal under RAP 10.3(a)(6) and deny Daphne's request for attorney fees and costs.

Birk, J.

WE CONCUR:

Díaz, J.

Birk, J.

4