IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of<br><br>JOHN TORSTEN LOOP<br><br>               Appellant,<br><br>    and<br><br>LISA MICHELE LOOP,<br><br>               Respondent. | No. 88157-4-I<br><br><br>UNPUBLISHED OPINION |

BOWMAN, A.C.J. — John "Jack" Loop challenges the trial court's entry of final orders following an arbitration decision issued in his dissolution matter with Lisa Loop. Because Jack[1] shows no error and his appeal is frivolous, we affirm and award Lisa attorney fees and costs.

FACTS

Jack and Lisa married on August 13, 2005. In 2007, they had a daughter, A.L. Jack filed for legal separation on January 11, 2021. Two years later on January 12, 2023, Jack and his attorney signed a stipulation for arbitration, agreeing "to submit all disputes, claims or controversies to neutral, binding arbitration at JAMS." Lisa and her attorney signed the stipulation on February 8, 2023.

---

[1] Because the parties share the same last name, we refer to them by their first names. We intend no disrespect.

The parties arbitrated on April 25 and 26 and May 1 to 5, 2023, before retired King County Superior Court Judge Helen Halpert. Jack and Lisa both testified at the arbitration, as did 2 expert witnesses. The arbitrator also accepted declarations in lieu of testimony from 12 other witnesses.

The arbitrator then issued a thorough narrative award on October 20, 2023, which she twice amended in response to motions for reconsideration from both parties. The arbitrator also drafted a parenting plan, a restraining order limiting Jack's contact with Lisa and A.L., and findings and fact and conclusions of law on "Domestic Violence and Parenting Issues." On February 23, 2024, the trial court confirmed the arbitration award in part and entered the final parenting plan, findings and conclusions on Domestic Violence and Parenting Issues, and a restraining order.[2] On February 27, the trial court entered an order instructing Lisa's counsel to prepare draft versions of the remaining orders and set deadlines for edits or changes that needed to be exchanged between the parties, with any disputes to be submitted to the arbitrator.

The parties could not agree on the wording of the final orders, so they returned to arbitration with Judge Halpert. On May 13, 2024, Judge Halpert issued an award entitled "Order Approving Form of the Final Orders." For the findings of fact and conclusions of law, Judge Halpert explained that she was "accepting the wife's responses to the husband's edits" of the draft version of that order.

---

[2] Jack appealed, challenging only the restraining order, which we later affirmed. *In re Marriage of Loop*, No. 86382-7-I (Wash. Ct. App. Jan. 21, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/863827.pdf.

For the child support order, Judge Halpert ruled, in relevant part:

> I am satisfied that the four paragraphs stricken by the husband regarding post-secondary support should be reinstated. . . . This is standard language and implicit in the award of post-secondary support. I am striking the paragraph regarding the custodian language and the language listing [A.L.]'s various college accounts in the Order on Child Support as it is contained in the Order/Decree.

For the decree of dissolution, Judge Halpert said that she was "satisfied that the wife's revised Order/Decree accurately reflects the Award," with some additional clarifications as delineated in the ruling. Among those clarifications, Judge Halpert ruled:

> In the Award, I determined that the husband owes the wife **$232,573.06**. This includes $126,919[.00] for an attorney fee award, $40,000[.00] for a pre-distribution of community assets, and $14,488.74 for the Order of Contempt entered on September 28, 2022.[3] The remainder is for unpaid obligations the husband owed pursuant to various orders.

Although Jack did not challenge the May 13, 2024 award, he continued to quibble with Lisa's attorney over the precise wording of the final orders. On March 14, 2025, Lisa moved to enter final orders, confirm the arbitration award, and award her attorney fees and costs. Jack moved to continue, claiming without explanation that he was unavailable until May 12, 2025.[4] The trial court denied the motion to continue, finding Jack's motion "does not provide an

---

[3] Following a hearing on September 28, 2022, the trial court found Jack in contempt for "knowingly and intentionally violat[ing] the February 22, 2021 [agreed temporary family law] court order by his improper use of funds." It filed the "Contempt Hearing Order" on September 30, 2022.

[4] Jack did not designate his substantive response to the motion to enter final orders in the record on appeal.

adequate basis for his request. At this point, this case has dragged on beyond any reasonable bounds."

The trial court entered final orders on April 15, 2025. Jack moved for reconsideration of the final orders and the order denying his motion to continue and asked the court to stay all proceedings pending resolution of his petition for review to the Supreme Court in his earlier appeal. The trial court entered a detailed order denying the motion for reconsideration on May 13, 2025. Jack filed a notice of appeal the same day.

Jack then filed a motion seeking, among other relief, to void the September 2022 contempt order. On June 13, 2025, the trial court denied the motion; found that it was "frivolous, made in bad faith, and is being done solely to harass" Lisa; and imposed a civil penalty of $1,000 under CR 11.

ANALYSIS

Jack appeals the trial court's final orders entered April 15, 2025 that confirmed the arbitration decision, the court's May 2025 order denying his motion for reconsideration, and the order denying his motion to void the September 2022 contempt order and imposing CR 11 sanctions.[5] Lisa argues Jack's challenges are time barred. And both parties request fees on appeal. We address each argument in turn.[6]

---

[5] Jack did not amend his notice of appeal to include the CR 11 sanctions but lists it as one of the orders he appeals in his opening brief.

[6] On April 9, 2026, Jack moved to file a "supplemental memorandum limited to one narrow legal issue arising from the governing JAMS Comprehensive Arbitration Rules." On April 13, 2025, Lisa file a motion to strike Jack's financial declaration as untimely. Both motions are denied.

1. Timeliness

Lisa asserts that as much as Jack challenges the language of the final orders as approved by the arbitrator, his appeal is foreclosed as time barred. We agree.

A motion to vacate, modify, or correct an arbitration award must be brought within 90 days after receiving notice of the award. RCW 7.04A.230(2), .240(1). This time limit operates as a statute of limitations. *MBNA Am. Bank, N.A. v. Miles*, 140 Wn. App. 511, 513-14, 164 P.3d 514 (2007). Here, the arbitrator issued the award approving the form of the final orders on May 13, 2024. Jack did not challenge the final orders until March 2025, well beyond the 90-day time limit. Lisa is correct that Jack's challenge to the arbitrator's approval of the form of the final orders was untimely and not preserved for appeal.

Because Jack did not timely challenge the arbitrator's decision, we decline to review any challenge to the form of the final orders.

2. Validity of Prior Contempt Order

Jack asserts that the judgment imposed in the final orders, which incorporates the September 2022 contempt order, is unlawful "double recovery and unjust interest." But he cites no relevant authority and presents no argument to support this assertion. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2014); *see* RAP 10.3(a)(6). So, we decline to address this issue further.

5

3. <u>CR 11 Sanctions</u>

Jack asserts that the trial court violated his right to due process by finding his motion to vacate the contempt judgment frivolous and imposing sanctions under CR 11. But the entirety of Jack's argument consists of a single conclusory sentence. Again, this is inadequate for our review, and we decline to address the issue further. *Brownfield*, 178 Wn. App. at 876.[7]

4. <u>Jack's Request for Sanctions</u>

Jack asks us to impose sanctions on Lisa's attorney, Judge Halpert, and JAMS for improper conduct. But Jack's allegations all derive from his challenges to the language of the final orders—issues that Jack waived by failing to timely challenge the arbitration award. Further, Jack's assertion that the arbitrator should have recused herself due to bias is not reviewable, as he identifies no facts in the record that support his contention. RAP 10.3(a)(5); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (court will not review arguments unsupported by any reference to the record). Jack's request for sanctions is untimely and meritless.

5. <u>Attorney Fees on Appeal</u>

Lisa requests attorney fees on appeal under RAP 18.9, RCW 26.09.140, or RCW 7.04A.250(3).

Under RAP 18.9(a), we may award attorney fees as sanctions, terms, or compensatory damages to the respondent if the appellant has filed a frivolous appeal. "An appeal is frivolous if, considering the entire record, the court is

---

[7] Jack also did not properly appeal this order. *See* RAP 5.3(a).

convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." *Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010) (citing *Tiffany Fam. Tr. Corp. v. City of Kent,* 155 Wn.2d 225, 241, 119 P.3d 325 (2005), *abrogated on other grounds by Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019)).

Jack waived most of his claims of error by failing to timely challenge the arbitration award in the trial court. Those that Jack did not waive are unsupported by anything but his own conclusory allegations. We agree with Lisa that Jack's appeal is frivolous and award her attorney fees and costs subject to compliance with RAP 18.1.[8]

We affirm the trial court's final orders in the dissolution proceedings and award Lisa attorney fees and costs.

_____, ACJ

WE CONCUR:

_____          _____

---

[8] Jack requests "compensation for [his] time as a pro se litigant." We deny his request. Not only is his appeal frivolous, but the statutes he relies on support compensation to only lawyers. *See* RCW 4.84.010; RCW 26.09.140; *see also In re Marriage of Brown*, 159 Wn. App. 931, 938, 247 P.3d 466 (2011) (pro se litigants not entitled to a fee award).

7